*In re* ELLEN DOUGHERTY, by her husband JOSEPH DOUGHERTY.

*Bill of rights. Proceedings under the act of* 1852, *to prevent traffic in intoxicating liquor. Habeas corpus. "Same offence."*

Minor offences affecting merely the police of the state are not within the tenth article of the bill of rights; and in prosecutions for them, a complaint may be entirely dispensed with if the legislature so provide.

Mere matter of error, or that which would be a good ground for a new trial, is not sufficient for discharging a respondent on *habeas corpus.*

That the wife alone was arrested, tried and convicted, upon a complaint charging her and her husband jointly with the offence of furnishing intoxicating liquor contrary to law, and a warrant issued against both of them, is not sufficient ground for discharging her from her commitment, under such a conviction, on *habeas corpus.*

By the " same offence," as that term is used in the 18th section of the act of 1852, to prevent the traffic in intoxicating liquor, and in the record of proceedings in pursuance of that section, is meant a similar or like offence.

HABEAS CORPUS. The writ was granted upon the application of Joseph Dougherty, in behalf of his wife Ellen Dougherty, and was directed to the sheriff of the county of Rutland, who was also the keeper of the county jail. The said sheriff and jailor showed as the cause of her detention, a commitment of her, by virtue of a mittimus, which he set forth, and in which it was recited that the said Ellen had been convicted of the offence of furnishing intoxicating liquor, &c., " which was shown to be the second conviction for the same offence," and that she was fined, &c., $20. The relator introduced copies of the record and proceedings upon which such alleged conviction was had, from

which it appeared that the warrant upon which the said Ellen was arrested, issued against both her and her husband, Joseph Dougherty, but was served by arresting her only; and that said warrant was issued upon the disclosure of a person who had been arrested and examined in pursuance of the twenty-second section of the act of 1852, to prevent the traffic in intoxicating liquor—who disclosed that the liquor whereby his intoxication was produced "was obtained from Joseph Dougherty and Ellen Dougherty his wife." There was a *non est* return on the warrant as to Joseph Dougherty and the subsequent proceedings were against Ellen Dougherty alone. In the record it was stated, after reciting the preliminary proceedings, the appearance of the respondent, the trial, &c., "it is "considered and adjudged by said justice that the said Ellen "Dougherty, is guilty of furnishing intoxicating liquor, contrary "to law, and it being shown that the said Ellen Dougherty had "been once before convicted for the same offence, she is sentenced "to pay," &c., a fine of twenty dollars and the costs.

Notice of this application was given to the town of Rutland, to whose treasurer said fine was made payable, and they appeared and opposed the granting of the discharge prayed for.

*S. H. Hodges,* for the relator.

*W. T. Nichols,* for the town of Rutland.

By the court: REDFIELD, CH. J. Many of the questions arising in this case have already been determined in the case of the *State* v. *Conlin.* By the rule laid down there, these minor offences, affecting merely the police of the state, do not come within the tenth article of the bill of rights, and no complaint is in fact necessary. A parol accusation is enough, if the legislature so provides, and the conviction, being set forth in the record, is all that is required, to sustain the commitment. All questions raised in regard to the manner of this prosecution, are there disposed of. The questions peculiar to this case are, that the wife is convicted of an offence, which it is charged by the testimony of the person originally making the complaint, and by the warrant issued by the justice, she committed jointly with her husband. It must be borne in

mind, that the question is not now raised, as if upon the trial of the case, or even upon error, but we are required to treat the conviction, as virtually void, in order to discharge the respondent. This we are not prepared to do. If one should be convicted of larceny in the county court, when charged with the offence jointly with the husband of the accused, it might be error, and certainly would be ground of new trial, unless under peculiar circumstances, but clearly no sufficient ground of discharging the respondent on *habeas corpus*, as we have often held.

The objection that it appears that there was no legal warrant for imposing a penalty of $20, inasmuch as the record does not set forth a former conviction of a similar offence, but of the very same offence, is too refined to be sustained. If this were to receive this rigid and literal construction, it would show the respondent should have been acquitted, on the ground of the former conviction for the same offence. But we think such a construction would be absurd, and would justly expose any court adopting it, to severe and just criticism. We should regret to make any decision upon such narrow ground, even in a matter affecting life, much less in one of such insignificance. This record is in the very words of the statute, " But upon proof of one or more former " convictions of the same offence, the respondent shall be sen-" tenced," &c. And we should not certainly feel justified in giving this statute any such literal construction, and we do not feel called upon to give any such construction to the record.

These are all the objections to the proceedings in this case, not virtually disposed of in the former case.

The respondent is remanded to her former custody and the petition dismissed without costs.