THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HERBERT
EKLOF, Defendant.

County Court, Richmond County, December 11, 1942.

*Frederick J. Spender* for defendant.

*Herman Methfessel, Assistant District Attorney,* for plaintiff.

COSGROVE, J. Defendant is accused of a violation of section 1301 of the Penal Law (bringing stolen property into the State). It is stipulated on the record that the defendant pleaded guilty to four counts, on the same facts and involving the same property, in the United States District Court of New Jersey. For the purposes of this motion, it is necessary that only one count of said Federal violation be considered, to wit, transporting such property in violation of section 409 of title 18 of the United States Code.

Defendant contends that the indictment herein is a violation of the State Constitution: " No person shall be subject to be twice put in jeopardy for the same offense " (State Const., art. I, § 6), and of section 9 of the Code of Criminal Procedure: " No person can be subjected to a second prosecution for a crime for which he has once been prosecuted, and duly convicted or acquitted." Even if he may not always bring up the matter by plea (Code Crim. Pro., § 332), an objection on the record or a proper motion is sufficient. (*People ex rel. Brinkman* v. *Barr,* 248 N. Y. 126, 129.)

The extent to which the courts of this State have gone to prevent double jeopardy is indicated in *Hartung* v. *People* (26 N. Y. 167; 28 N. Y. 400). " She has once been in legal jeopardy of her life, and there is no power in the courts under the rule of the common law, and the injunction of the Constitution to compel her to stand in like peril a second time." (*Hartung* v. *People,* 26 N. Y. 167, 188.)

In the absence of statute, the rule against double jeopardy applies only to offenses against the same sovereignty. The defense applies to the same offense, which means the identical act and crime. (*Burton* v. *United States,* 202 U. S. 344; *People ex rel. Cunningham* v. *Bingham,* 134 App. Div. 602; *People* v. *Saunders,* 4 Park. Cr. Cas. 198.) A single act which violates both Federal and State criminal laws results in an offense against two separate governments (*People ex rel. Liss* v. *Supt. of Women's Prison,* 282 N. Y. 115), and may be prosecuted in both sovereignties in the absence of a statute to the contrary. (*Cross* v. *North Carolina,* 132 U. S. 131.)

Are the offenses identical in law and in fact? Section 409 of title 18 of the United States Code provides: " Whoever shall * * * carry away * * * from any steamboat * * * with intent to convert to his own use any goods * * * mov-

ing as or which are a part of or which constitute an interstate or foreign shipment of freight or express * * *.''

Section 414, subdivision (a), provides: '' The term ' interstate or foreign commerce ' shall mean transportation from one State * * * to another State * * * .'' Under section 1301 of the Penal Law it is necessary to prove that the property was knowingly stolen and brought into the State. The same proof would be required to convict of both offenses.

I therefore conclude that the offenses are identical in law and in fact.

Section 410 of title 18 of the United States Code provides '' Nothing in section 409 of this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof; *and a judgment of conviction or acquittal on the merits under the laws of any State shall be a bar to any prosecution hereunder for the same act or acts.''* In other words, a judgment of conviction under section 1301 of the Penal Law would preclude a prosecution under section 409 of title 18 of the United States Code.

It is also provided in section 139 of the Code of Criminal Procedure: '' When an act charged is a crime within the jurisdiction of another state, territory or country, as well as within the jurisdiction of this state, a conviction or acquittal thereof in the former, is a bar to a prosecution or indictment therefor in this state.''

Section 33 of the Penal Law provides that when an offense is committed in a foreign jurisdiction under circumstances under which the courts of this State have jurisdiction, and the defendant has already been acquitted or convicted on the merits upon a criminal prosecution under the laws of such State or country, such former acquittal or conviction is a sufficient defense.

The motion to dismiss the indictment on the ground of double jeopardy is therefore granted.