**STATE of Delaware**

**v.**

**Robert L. ESHAM, Defendant.**

Superior Court of Delaware,
New Castle.

June 7, 1974.

Jeffrey Weiner, Deputy Atty. Gen., Dept. of Justice, Wilmington, for the State.

Jeffrey S. Goddess, of Tybout, Redfearn & Schnee, Wilmington, for defendant.

TAYLOR, Judge.

Defendant was found guilty on May 7, 1973 of possession of a dangerous drug with intent to sell, to wit, marijuana. The date charged for that offense was September 28, 1972. At the trial on that charge, the prosecution, in support of the charge of intent to sell, introduced evidence that defendant had sold one ounce of marijuana to a police undercover agent on September 14, 1972. Subsequent to defendant's conviction for possession with intent to sell on September 28, 1972, defendant was indicted for the alleged sale on September 14, 1972, the present charge.

Defendant has moved to bar prosecution of the present case, contending that this prosecution violates 11 Del.C. § 208.[1] Defendant contends that he was required to defend against the charge of the September 14, 1972 sale at the prior trial, and, therefore, the present charge requires him to defend a second time against that same charge. He contends that one of the purposes of § 208 is to protect a defendant against duality of charges involving essentially the same type of conduct.

█ Defendant's argument focuses on two parts of § 208(1). The first part bars subsequent prosecution for "any offense of which the defendant could have been convicted on the 1st prosecution". Involved here is the construction of the quoted language, namely, whether that language requires that the offense for which defendant is now being prosecuted must have been covered by the prior indictment so as to permit a conviction of the current offense as a part of the first prosecution, or whether it refers to any charge known to the prosecution for which defendant could have been prosecuted at the time of the first prosecution, without regard to the limits of the indictment in the first prose-

cution. The commentary to § 208, referring to this particular provision, indicates that it applies to a subsequent prosecution "for any offense of which the defendant could have been convicted in the first prosecution, (e. g., an included offense)". This indicates that the draftsman of the commentary understood the quoted language of the section to apply to an offense for which the defendant could have been convicted under the indictment in the first prosecution. If this language had been intended to apply to all outstanding charges against a defendant, exclusionary language such as that used in § 208(1)(b)(ii) could have been used.

The second part bars prosecution for "the same conduct, unless (i) the offense for which the defendant is subsequently prosecuted requires proof of a fact not required by the former offense and the law defining each of the offenses is intended to prevent a substantially different harm or evil, or (ii) the second offense was not consummated when the former trial began".

The phrase "same conduct" is not defined in the statute. It is used in § 206(a) where reference is made to the same conduct of a defendant as establishing the commission of more than one offense. It is also used in § 209(1) in a context similar to that of § 208, where successive prosecutions are in different jurisdictions. Section 204, dealing with territorial applicability, uses the word "conduct" alone. Section 207, dealing with former prosecutions for the same offense, uses "same facts". Section 207 refers to former prosecution for the same offense.

Thus, in the sections which deal with various facets of successive or concurrent prosecutions, there are references to "same offenses", "same conduct", and "same facts".

---

1. Defendant's position is that the cited Section is procedural and under the terms of 11 Del.C. § 102(a) is applicable to this case notwithstanding the fact that § 208 was enacted subsequent to the date of the alleged crime. The prosecution does not dispute this position. Accordingly, the Court will proceed on the assumption that § 208 is applicable.

The word "same" when used in conjunction with various nouns has sometimes been used to mean "identical", and sometimes to mean "similar". 38 Words and Phrases pp. 305–306.

For clarity, the Court must determine whether the phrase "same conduct", as used in § 208, was intended to refer to one particular event or set of actions on the part of defendant, occurring only once, or whether it refers to events or sets of actions which are identical or similar in nature but have occurred more than once. For abbreviation, in this Opinion, the former will be referred to as "identical conduct", and the latter will be referred to as "similar conduct".

Section 206 uses the phrase "same conduct". The sentence in which the phrase appears reads:

"When the same conduct of a defendant may establish the commission of more than 1 offense, the defendant may be prosecuted for each offense."

Here, if the phrase had been intended to refer to more than one action by defendant, the sentence would be unnecessary because each separate action does constitute a separate offense. The sentence is useful only if the "same conduct" refers to one particular set of actions occurring on only the one occasion.

█ Thus, as used in § 206, the phrase "same conduct" means identical conduct.

Section 207 uses the phrases "same statutory provision" and "same facts". It provides:

"When a prosecution is for a violation of the same statutory provision and is based upon the same facts as a former prosecution, it is barred by the former prosecution under the following circumstances:"

In the subsections which follow, the various ways in which the former prosecution may have been terminated are set forth.

It is clear that the objective of § 207 seeks to bar the use in a subsequent prosecution based on identical facts which have been tested in a prior prosecution for the identical offense. This construction is supported by the commentary which speaks of a "judgment . . . which is necessarily conclusive of a fact which must be established for conviction." Thus, § 207 uses the word "same" as meaning identical.

The use of the phrase "same conduct" in § 209 sheds little light on the meaning of that phrase as it is used in § 208. The sections are almost identical in language, and both are addressed to similar circumstances: § 208 deals with former prosecutions in the same jurisdiction for a different offense, and § 209 deals with former prosecutions in a different jurisdiction for the same conduct. The commentary indicates that as used in § 209, the phrase means identical course of conduct. Whether it means identical conduct as well is less clear.

Turning from the Criminal Code to judicial construction, People v. Bellamy, 8 Ill. App.3d 606, 290 N.E.2d 645 (1972), held that the same conduct meant identical conduct and not merely similar conduct. Even acts which arise out of a single transaction are separate and distinct where the acts involve separate elements and were committed against separate victims. Ibid. In cases involving the issue of constitutional double jeopardy, the phrase "same offense" has been more widely construed, and invariably the word "same" has been held to mean identical. State v. Heitter, Del. Supr., 203 A.2d 69 (1964); 2 L.Ed.2d 2026. The meaning "similar" has been adopted in cases dealing with second or multiple offender statutes. Compare, People v. Eklof, 179 Misc. 536, 41 N.Y.S.2d 557 (1942); Poteet v. State, 138 Tex.Cr.R. 9, 133 S.W.2d 581 (1939) with Jones v. State, Tex.Cr. App., 470 S.W.2d 874 (1971); Cherry v. State, Tex.Cr.App., 447 S.W.2d 154 (1969); In Re Dougherty, 27 Vt. 325 (1855).

Defendant cites State v. Hamilton, Del. Super., 318 A.2d 624, Opinion, Bush, J., April 2, 1974, in which this Court discussed §§ 207 and 208, Title 11, Delaware Code, and held them to be inapplicable in that instance because the first prosecution involved a misdemeanor in Municipal Court which had no jurisdiction to try the felony charge which was the subject of the second prosecution. The facts as charged in *Hamilton* were that defendant broke into a house and beat an occupant of the house. The Municipal Court prosecution involved the beating; and the subsequent prosecution in this Court involved the felony, second degree burglary—breaking and entering. Both offenses involved the identical conduct occurring at the same time or in unbroken sequence. The Court did not deal with the issue involved here.

In the case at bar, defendant is not charged with the possession which was coincident with the sale. The possession charged is not the unbroken chain of events of possession immediately preceding the sale in which the possession was followed directly by the sale. If it had been, the possession and sale might be said to arise from the same conduct. Here, the charged possession occurred 14 days after the sale transaction. Obviously, the marijuana which defendant is charged with possessing on September 28 is not the marijuana which he sold on September 14. It is not contended that defendant's conduct on September 28 involved his sale on September 14. While intent to sell is a necessary element to be proved as a part of the September 28 charge, it could be proved in various ways—by statements or actions or even by proof that the quantity possessed was greater than that normally possessed by a user. Redden v. State, Del.Supr., 281 A.2d 490 (1971); Farren v. State, Del. Supr., 285 A.2d 411 (1971).

The Court holds that the offense of possession with intent to sell, occurring on September 28, and the offense of sale on September 14 do not involve the same conduct, as that term is used in 11 Del.C. § 208 and that the September 14 offense was not required to be prosecuted at the trial of the September 28 offense. It could have been proved without any reference to a prior sale.

Defendant's motion to bar prosecution is therefore denied.

It is so ordered.