187 N.J. Super. 165 (1982)
453 A.2d 1354
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
LOUIS DI VENTURA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 19, 1982.
Decided November 1, 1982.
*166 Before Judges MATTHEWS, ANTELL and FRANCIS.
Debra L. Stone, Deputy Attorney General, argued the cause for appellant (Irwin I. Kimmelman, Attorney General of New Jersey, attorney).
Thomas P. Foy argued the cause for respondent (Hartman, Schlesinger, Schlosser & Faxon, attorneys; James J. Gerrow, Jr., on the brief).
The opinion of the court was delivered by MATTHEWS, P.J.A.D.
*167 On March 5, 1979 the state grand jury returned Indictment SGJ-52-78-2 which charged defendant Louis Di Ventura, a/k/a Lou Ventura, and codefendant George Flynn, along with an unindicted coconspirator, with conspiracy to burn and set fire to a restaurant, "Lou Ventura's Hideout," belonging to Louis Di Ventura Enterprises, Inc., and conspiracy to burn and set fire to the same restaurant with intent to defraud the insurers thereof, in violation of N.J.S.A. 2A:89-2, N.J.S.A. 2A:89-3, N.J.S.A. 2A:98-1 and N.J.S.A. 2A:98-2 (count 1); inciting and soliciting another to commit arson, in violation of N.J.S.A. 2A:85-1 (count 2); arson, in violation of N.J.S.A. 2A:89-2 (count 3), and arson with intent to defraud, in violation of N.J.S.A. 2A:89-3 (count 4).
Thereafter, on March 13, 1979 the federal grand jury for the District of New Jersey returned Criminal Indictment 79-89 which charged defendant Di Ventura, individually, Louis Di Ventura Enterprises, Inc., and codefendant George Flynn with conspiracy to commit mail fraud and eight individual counts of mail fraud, all in violation of 18 U.S.C.A. §§ 1341, 1342.
Following the declaration of two mistrials, defendant was tried on the federal charges before Judge Brotman and a jury, commencing on January 5, 1981. On January 14, 1981 the jury returned a verdict of not guilty on all counts. A judgment of acquittal was entered by Judge Brotman on January 15, 1981.
On January 16, 1981 defendant filed a Notice of Motion Barring Prosecution of the State Indictment Pursuant to N.J.S.A. 2C:1-11. Defendant claimed that the conduct alleged to be criminal in both the state and the federal indictments "was the arranging by defendant of the destruction of his restaurant by arson so that he could collect the insurance proceeds." He claimed that both indictments made reference to the same illegal burning of his restaurant which took place on the same *168 date and time and involved the same insurance. He also pointed to the fact that the witness lists for both the state and federal prosecutions were identical. He contended that the state offense (arson) was not intended to prevent a more serious harm or evil than the federal offense, while noting that proof of the use of the mails, "a fact which was not put at issue by the defense," constituted the only additional fact required to prove the federal charges.
After a hearing on April 15, 1981 the Law Division judge, in a formal letter opinion, dismissed the state indictment, noting that "the two different indictments do not require proof of a fact not required by the other."
The State argues that the indictment filed by the state grand jury which charged defendant with conspiracy to commit arson, willful solicitation to commit arson, arson of a restaurant and arson with intent to defraud an insurance company should not have been summarily dismissed pursuant to the provisions of N.J.S.A. 2C:1-11, because of defendant's acquittal in federal court on charges of fraudulently using the United States mails to defraud and obtain money from an insurance company by committing arson on an insured building and thereafter submitting a false claim.[1]
N.J.S.A. 2C:1-11 provides, in pertinent part:
When conduct constitutes an offense within the concurrent jurisdiction of this State and of the United States, a prosecution in the District Court of the United *169 States is a bar to a subsequent prosecution in this State under the following circumstances:
a. The first prosecution resulted in an acquittal or in a conviction, or in an improper termination as defined in section 2C:1-9 and the subsequent prosecution is based on the same conduct, unless (1) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil or (2) the offense for which the defendant is subsequently prosecuted is intended to prevent a substantially more serious harm or evil than the offense of which he was formerly convicted or acquitted or (3) the second offense was not consummated when the former trial began.
Relying upon the above, the Law Division judge ruled that while he agreed with the State's position that the law interdicting arson was intended to prevent a substantially different harm than that of the federal act prohibiting mail fraud, the federal and state indictments did not "each require proof of a fact not required by the other." We believe that, while the judge was correct in noting that the state and federal acts were designed to prevent substantially different harms, he erred in concluding that the indictments did not require proof of a fact not required by the other. The State also notes that the judge apparently ignored the applicability of subsection (2) because arson is a substantially more serious harm than mail fraud.
N.J.S.A. 2C:1-11 is based in part upon the Model Penal Code, Tentative Draft No. 5, § 1.11(1)(a) and (b) (1956), at 59-60, which reads as follows:
When conduct constitutes an offense within the concurrent jurisdiction of this state and of the United States or another state, a prosecution in any such other jurisdiction is a bar to a subsequent prosecution in this state under the following circumstances:
(1) The first prosecution resulted in an acquittal or in a conviction as defined in Section 1.09 and the subsequent prosecution is based on:
(a) the same conduct; or
(b) the same series of acts or omissions, unless the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other or the second offense was not consummated when the former prosecution was initiated.
*170 We assume for the purposes of this appeal that N.J.S.A. 2C:1-11 is applicable to this case. Nevertheless, we conclude that prosecution for arson may still go forward since it manifestly falls within the second exception to N.J.S.A. 2C:1-11. That section provides that a subsequent state prosecution following a federal acquittal is permissible if "the offense for which the defendant is subsequently prosecuted is intended to prevent a substantially more serious harm or evil." N.J.S.A. 2C:1-11 a(2). Arson, as the State contends, is unquestionably a more serious harm or evil than is mail fraud. That it is a much more serious offense than mail fraud is at once apparent since the former involves the risk of, if not the outright destruction of, property and human lives. Mail fraud involves only the misuse of the mails for purposes of facilitating a fraud and does not involve the risk of destruction of property or loss of life.
This portion of N.J.S.A. 2C:1-11 is unique to New Jersey. II Final Report of the New Jersey Criminal Law Revision Commission (1971), at 33. It is intended to prevent a prosecution for a less serious offense from having a binding effect as to a more serious offense.
We also find that this case falls within the exception set forth in N.J.S.A. 2C:1-11 a(1), which permits a state prosecution after a federal acquittal where
... the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil.
This provision is derived from the Model Penal Code. II Final Report of the New Jersey Criminal Law Revision Commission (1971), at 31-32. The Model Code, in turn, is based upon the test set forth in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The Blockburger test encompasses the concept of proof of a fact not required by the other offense. See Blockburger. The term "fact" has been construed as referring to an element of an offense. Illinois v. Vitale, 447 U.S. 410, *171 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980). Thus, if there is an additional element in one offense which is not present in the other, the Blockburger test is satisfied. Id.; Brown v. Ohio, 432 U.S. 161, 168-169, 97 S.Ct. 2221, 2226-27, 53 L.Ed.2d 187 (1977). The concept of requiring that the laws defining each offense be intended to prevent a substantially different harm or evil is unique to the New Jersey Code as an additional element which must be satisfied before a prosecution can commence under this section.
The crimes of mail fraud, arson and soliciting the commission of arson each requires proof of an element not required by the other. Mail fraud requires proof that a person, having devised a scheme to defraud or obtain money by means of false or fraudulent pretenses, thereupon uses the United States mail to facilitate his scheme. 18 U.S.C.A. § 1341. The New Jersey arson statutes, which defendant is accused of violating, have no reference to use of the mails. N.J.S.A. 2A:85-1; 2A:89-2; 2A:89-3. Thus, the use of the mails is an element which is not common to both offenses.
Furthermore, there is no question that the statutes prohibiting arson and the federal act interdicting mail fraud are intended to prevent substantially different harm or evil. The purpose of 18 U.S.C.A. § 1341 is to prevent the postal service from being used to carry on fraudulent schemes, regardless of the exact nature of the scheme and regardless of whether it happens to be forbidden by state law. See, e.g., United States v. States, 488 F.2d 761 (8 Cir.1973), cert. den. 417 U.S. 909, 94 S.Ct. 2605, 41 L.Ed.2d 212 (1974). The New Jersey arson statutes involved here are designed to punish the burning of buildings for illicit purposes, including defrauding insurance companies. They are clearly designed to interdict arson and not to punish fraud. We conclude that the laws defining the offenses of arson and mail fraud were designed to prevent a substantially different harm or evil within the meaning of N.J.S.A. 2C:1-11.
*172 Finally, even if we assume that the offenses involved here are within the concurrent jurisdiction of the state and federal courts, it is necessary that the state and federal prosecutions are based upon the "same conduct" before the bar to prosecution under N.J.S.A. 2C:1-11 may be interposed.
The Code defines "conduct" as "an action or omission and its accompanying state of mind, or, where relevant, a series of acts and omission." N.J.S.A. 2C:1-14 d. The phrase, "same conduct," also appears in N.J.S.A. 2C:1-8, which concerns the method of prosecution when conduct constitutes more than one offense. N.J.S.A. 2C:1-8 deals with the issue of merger of offenses. Obviously, the term "same conduct," when seen in this context, refers to a single act which results in the commission of more than one offense. II Final Report of the New Jersey Criminal Law Revision Commission (1971), at 210-211. Thus, the "same conduct" must mean "identical conduct."
This result was reached by the Delaware Superior Court when it construed the Delaware version of N.J.S.A. 2C:1-11. The court determined that "same conduct," as it is used in the criminal code, meant identical conduct. State v. Esham, 321 A.2d 512, 514 (Del. Super. Ct. 1974).
With respect to the interpretation of the Code itself, the court noted that the phrase was not defined but that it did appear in other sections of the Delaware Code. 321 A.2d at 512. The court referred to 11 Del.C. 206, which corresponds to N.J.S.A. 2C:1-8 a, and which provides "when the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each offense." The court noted that if the phrase "same conduct" had been intended to refer to more than one action by a defendant, the sentence would be unnecessary because each separate action does constitute a separate offense. 321 A.2d at 514. The conclusion reached was that the phrase must mean "identical conduct" since that sentence made sense only if the "same *173 conduct" referred to one particular set of actions occurring on only the one occasion. Id.
The Delaware court also took note of the fact that judicial interpretation of the phrase, "same conduct," has invariably held that the phrase meant identical conduct. Id. See, e.g., State v. Bellamy, 8 Ill. App.3d 606, 290 N.E.2d 645 (App.Ct. 1972).
Applying that definition to the facts in our case, the federal indictment charged defendant with several counts of using the mails to defraud an insurance company by attempting to collect on a policy insuring premises which defendant had deliberately burned, evidently to collect the insurance proceeds. The state indictment charges defendant with conspiracy to commit arson, solicitation of arson and arson of his restaurant. It must be conceded that both indictments concern the arson of the same building in order to collect insurance proceeds. The federal indictment, however, refers to defendant's mailing false claims to the insurance company and causing the company in return to mail to him several checks. This conduct is stated to have occurred from December 1976 until January 11, 1978. With the exception of count 1, the federal indictment focuses on defendant's conduct from February 4, 1977 to January 11, 1978. In contrast, the state indictment covers defendant's actions only up until January 28, 1977. The fact that the time periods involved are, while somewhat overlapping, different, indicates that the conduct prosecuted by each indictment must be different. This conclusion is also apparent from the nature of the crimes involved. The state indictment is concerned solely with the defendant's actions with respect to the burning of his restaurant. The federal indictment is concerned with defendant's defrauding the insurance company through the mails, an act which occurred subsequent to that burning. Thus, it is clear that the federal and state indictments do not involve the "same conduct" within the meaning of N.J.S.A. 2C:1-11. We conclude that N.J.S.A. 2C:1-11 poses no bar to the state prosecution.
Reversed and remanded for trial of the indictment.
NOTES
[1] We note that in the absence of a statute such as N.J.S.A. 2C:1-11 there exists no constitutional bar to a state prosecution subsequent to a federal prosecution even where both prosecutions are based on charges arising out of the same transaction. Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959); State v. Cooper, 54 N.J. 330, 331, 337 (1969), cert. den. 396 U.S. 1021, 90 S.Ct. 593, 24 L.Ed.2d 514 (1970); State v. Ableman, 134 N.J. Super. 517 (App.Div. 1975), aff'd o.b. 72 N.J. 145 (1977). Cf. United States v. Lanza, 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314 (1922).