279 N.J. Super. 626 (1995)
653 A.2d 1176
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIAM A. WALTERS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 1, 1995.
Decided February 23, 1995.
*627 Before Judges SHEBELL, WALLACE and KLEINER.
DeStefano & Warren, P.C., attorneys for appellant (Christopher D. Warren, of counsel and on the brief).
Deborah T. Poritz, Attorney General of New Jersey, attorney for respondent (Bennett A. Barlyn, Deputy Attorney General, of counsel and on the letter brief).
The opinion of the court was delivered by KLEINER, J.A.D.
*628 This appeal requires this court to determine whether criminal conduct utilized to enhance a federal sentence requires a New Jersey court to dismiss an indictment which describes the same criminal conduct.
On January 22, 1992, the Atlantic County grand jury returned two indictments against defendant William A. Walters. Indictment 92-01-0182-A-CP charged defendant as follows: count one, theft by deception, in violation of N.J.S.A. 2C:20-4; count two, unlawful use of a credit card, in violation of N.J.S.A. 2C:21-6h; and count three, theft of a credit card, in violation of N.J.S.A. 2C:21-6c(2). The three counts relate to the use of a credit card in the name of Jeffrey Matulaitis to obtain a $5,000 cash advance from the Trump's Castle Casino on May 16, 1991.
Indictment 92-01-0181-A-CP charged defendant and William Ortiz with a series of criminal acts committed between July 7, 1991 and July 17, 1991, relating to the use of two credit cards in the name of Joseph Flatley at Harrah's Marina Hotel/Casino, Trump's Castle Hotel and Casino and Trump's Taj Mahal Casino Resort. The indictment specifically charged one count of conspiracy, in violation of N.J.S.A. 2C:5-2; four counts of theft by deception, in violation of N.J.S.A. 2C:20-4 and N.J.S.A. 2C:2-6; one count of attempted theft by deception, in violation of N.J.S.A. 2C:20-4 and N.J.S.A. 2C:2-6; five counts of unlawful use of a credit card, in violation of N.J.S.A. 2C:21-6d and N.J.S.A. 2C:2-6; and three counts of credit card theft, in violation of N.J.S.A. 2C:21-6c(1) and N.J.S.A. 2C:2-6.
While the Atlantic County indictments were pending trial, defendant was indicted by the federal grand jury in the United States District Court, Eastern District of Pennsylvania, for one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, arising from an overt act which occurred in Pennsylvania on November 13, 1991, involving a theft of United States mail. Defendant proceeded to trial under this indictment and was found guilty on July 15, 1992.
*629 Defendant contended that the presumptive sentence for the crime charged under federal sentencing guidelines was twelve to eighteen months. However, the federal presentence report concluded that defendant's alleged criminal activity in New Jersey, as set forth in the two Atlantic County indictments, was "relevant" to the sentence to be imposed in the federal court, placing defendant in an enhanced sentencing range of thirty to thirty-seven months. On April 2, 1993, the federal court sentenced defendant to a thirty-five month term of imprisonment followed by a three year period of supervised release.
On November 9, 1993, defendant filed a motion to dismiss the two Atlantic County indictments based upon his interpretation of N.J.S.A. 2C:1-11. He contended that further prosecution in New Jersey was barred because his alleged criminal activity had already been punished by his enhanced sentence in the federal court. Defendant's motion was denied.
On January 14, 1994, defendant entered into a plea agreement in Atlantic County. In exchange for a plea of guilty to count one of Indictment No. 92-01-0182-A-CP, charging theft by deception in violation of N.J.S.A. 2C:20-4, the State agreed to dismiss counts two and three of that indictment, to dismiss all counts involving defendant in Indictment No. 92-01-0181-A-CP, and to waive its right to seek an extended term of imprisonment. Defendant's plea was to be entered without any recommendation as to sentence. Additionally, defendant was permitted to specifically preserve his right to appeal the prior denial of his motion to dismiss.
On January 28, 1994, defendant was sentenced to a five year term of imprisonment to be served consecutively to the sentence imposed in federal court. He was ordered to pay $30 to the Violent Crimes Compensation Board.
On appeal, defendant asserts two points of error:
POINT I
THE TRIAL COURT ERRED IN HOLDING THAT THE STATUTORY BAR TO MULTIPLE PROSECUTIONS UNDER N.J.S.A. 2C:1-11 DID NOT PRECLUDE THE IMPOSITION OF ADDITIONAL PUNISHMENT FOR CRIMINAL *630 CONDUCT THAT WAS PREVIOUSLY PUNISHED IN CONNECTION WITH A FEDERAL PROSECUTION.
POINT II
THE TRIAL COURT ABUSED ITS DISCRETION IN DISREGARDING FEDERAL LAW AND HOLDING THAT APPELLANTS SENTENCE OF IMPRISONMENT FOR A STATE OFFENSE WAS TO BE SERVED CONSECUTIVELY TO A SENTENCE IMPOSED BY A FEDERAL COURT FOR THE SAME CRIMINAL CONDUCT.
We now affirm both the decision on defendant's motion to dismiss and the sentence imposed.

I
N.J.S.A. 2C:1-11, enacted in 1978, states:
When conduct constitutes an offense within the concurrent jurisdiction of this State and of the United States, a prosecution in the District Court of the United States is a bar to a subsequent prosecution in this State under the following circumstances:
a. The first prosecution resulted in an acquittal or in a conviction, or in an improper termination as defined in section 2C:1-9 and the subsequent prosecution is based on the same conduct, unless (1) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil or (2) the offense for which the defendant is subsequently prosecuted is intended to prevent a substantially more serious harm or evil than the offense of which he was formerly convicted or acquitted or (3) the second offense was not consummated when the former trial began; or
b. The former prosecution was terminated, after the information was filed or the indictment found, by an acquittal or by a final order or judgment for the defendant which has not been set aside, reversed or vacated and which acquittal, final order or judgment necessarily required a determination inconsistent with a fact which must be established for conviction of the offense of which the defendant is subsequently prosecuted.
[Ibid.]
The N.J.S.A. 2C:1-9c test for a conviction is whether
the prosecution resulted in a judgment of conviction which has not been reversed or vacated, a verdict of guilty which has not been set aside and which is capable of supporting a judgment, or a plea of guilty accepted by the court.
[Ibid.]
N.J.S.A. 2C:1-11 delineates when a former prosecution in another jurisdiction is a bar to prosecution in New Jersey. The statute is patterned on the Model Penal Code § 1.10 (1961), and it *631 is premised on the concept that principles of double jeopardy would be obviated if a person is subjected to successive prosecutions in the federal and state courts for the same conduct. Model Penal Code and Commentaries (Official Draft and Revised Comments) § 1.10, comment 2(a). N.J.S.A. 2C:1-11 has been characterized as representing a "drastic curtailment of the `dual sovereignty' doctrine." State v. Goodman, 92 N.J. 43, 51, 455 A.2d 475 (1983); See also State v. King, 215 N.J. Super. 504, 513, 522 A.2d 455 (App.Div. 1987); State v. DiVentura, 187 N.J. Super. 165, 168, 453 A.2d 1354 (App.Div. 1982), certif. denied, 93 N.J. 261, 460 A.2d 666 (1983); State v. Sessoms, 187 N.J. Super. 625, 631, 455 A.2d 595 (Law Div. 1982).
The bar to subsequent prosecution applies only where the two prosecutions are based on the "same conduct" and only where the proofs necessary to the two prosecutions meet the statutory test for congruence. Cannel, New Jersey Criminal Code Annotated, comment 3 on N.J.S.A. 2C:1-11 (1994). The phrase "same conduct" has been held to mean identical conduct. State v. Buhl, 269 N.J. Super. 344, 368, 635 A.2d 562 (App.Div.), certif. denied, 135 N.J. 468, 640 A.2d 850 (1994); DiVentura, supra, 187 N.J. Super. at 172-73, 453 A.2d 1354; State v. Ashrue, 253 N.J. Super. 181, 184, 601 A.2d 265 (Law Div. 1991). Obviously, defendant's prior prosecution for mail theft was not identical to his prosecution for theft and other related offenses in our court.
Courts must apply the plain language of a statute. Town of Morristown v. Woman's Club of Morristown, 124 N.J. 605, 610, 592 A.2d 216 (1991); State v. Churchdale Leasing, Inc., 115 N.J. 83, 101, 557 A.2d 277 (1989); State v. Butler, 89 N.J. 220, 226, 445 A.2d 399 (1982); Mechanical Contractors Ass'n v. State, 255 N.J. Super. 488, 495, 605 A.2d 743 (App.Div. 1992). The plain language of N.J.S.A. 2C:1-11 and N.J.S.A. 2C:1-9c is that prior prosecutions resulting in convictions in the District Court of the United States may not lead to subsequent prosecution in this State except under very precise circumstances delineated in N.J.S.A. 2C:1-11a. Prosecutions resulting in convictions in which *632 sentencing is enhanced in the federal courts simply do not bar subsequent prosecution of the alleged offense in this State.
The consideration and use by the federal court of facts pertinent to a pending state indictment cannot transmute enhancement of sentence into a "prosecution" or "conviction" within the meaning of N.J.S.A. 2C:1-11. United States Sentencing Guidelines § 1B1.3(a)(2) requires a sentencing court to ascertain the aggregate amount of drugs, property, or money that was "part of the same course of conduct or common scheme or plan as the offense of the conviction," even if those amounts were not part of the convicted offense. Guidelines § 1B1.3, comment at n. 2.
Guideline § 1B1.3 requires courts to take account of "relevant conduct"  conduct that, very roughly speaking, corresponds to those actions and circumstances that courts typically took into account when sentencing prior to the Guidelines' enactment. Past practice, and authoritative case law, indicates that the Constitution does not, as general matter, forbid such consideration.
[United States v. Wright, 873 F.2d 437, 441 (1st Cir.1989).]
The federal judiciary has uniformly held that where a defendant is indicted for conduct, including "relevant conduct" previously used to enhance the length of his or her sentence for a separate federal offense, he or she may be subject to successive prosecution for the same conduct without violating the federal double jeopardy clause. U.S. Const. amend. V; See United States v. Wittie, 25 F.3d 250, 254-61 n. 48 (5th Cir.1994), cert granted, ___ U.S. ___, 115 S.Ct. 715, 130 L.Ed.2d 622 (1995); United States v. Nyhuis, 8 F.3d 731, 738-40 (11th Cir.1993), cert. granted, ___ U.S. ___, 115 S.Ct. 56, 130 L.Ed.2d 15 (1994); United States v. Mack, 938 F.2d 678, 679-80 (6th Cir.1991) (specifically holding that consideration of conduct for sentencing purposes does not convert the sentencing proceedings into a trial, conviction, or punishment for the criminal activity so considered); United States v. Garcia, 919 F.2d 881, 887 (3d Cir.1990); United States v. Koonce, 885 F.2d 720 (10th Cir.1989), cert. denied, ___ U.S. ___, 112 S.Ct. 1695, 118 L.Ed.2d 406 (1992); United States v. Troxell, 887 F.2d 830, 834-36 (7th Cir.1989).
*633 The federal court's evaluation of defendant's conduct in New Jersey and its determination of relevance to defendant's sentencing for mail theft does not constitute the prosecution or conviction of defendant for theft by deception or for any of the other New Jersey indicted acts.
We additionally note that our Code of Criminal Justice specifically permits an evaluation of unindicted conduct in sentencing. By way of illustration only, N.J.S.A. 2C:44-1a establishes the following as criteria for withholding or imposing a sentence of imprisonment:
(3) [t]he risk that the defendant will commit another offense;
....
(5) [t]here is a substantial likelihood that the defendant is involved in organized criminal activity;
(6) [t]he extent of the defendant's prior criminal record and the seriousness of the offenses of which he has been convicted[.]
[Ibid.]
N.J.S.A. 2C:44-3, which establishes criteria for an extended term of imprisonment, considers whether: (a) the defendant is a persistent offender; and (b) the defendant is a professional criminal. Ibid.
In sentencing, we have authorized the sentencing judge to consider a defendant's juvenile record, State v. Tanksley, 245 N.J. Super. 390, 396, 585 A.2d 973 (App.Div. 1991); a defendant's prior conviction which has been set aside under the Federal Youth Corrections Act (18 U.S.C.A. § 5021), State v. Stackhouse, 194 N.J. Super. 371, 374-75, 476 A.2d 1268 (App.Div. 1984); a defendant's prior offense which resulted in supervisory treatment pursuant to N.J.S.A. 24:21-27, State v. Marzolf, 79 N.J. 167, 176-77, 398 A.2d 849 (1979); and a defendant's adult arrests which did not result in convictions, State v. Green, 62 N.J. 547, 571, 303 A.2d 312 (1973).
The observations of the Supreme Court in Marzolf and in Green are particularly illuminating. In Marzolf, the Court noted:

*634 Although defendant is to be regarded as a first offender, it does not follow that the infraction which has resulted in supervisory treatment loses all relevance for sentencing purposes. It may well have a bearing upon a defendant's culpability and awareness of the criminal implications of his conduct, factors relating to amenability to rehabilitation as well as the appropriateness of deterrence. At sentencing there should be presented "the fullest information possible concerning the defendant's life and characteristics." Williams v. New York, 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337, 1342 (1949). The defendant's background, including prior arrests or juvenile offenses, should be fully exposed, even though no convictions have ensued.
[Marzolf, supra, 79 N.J. at 176-77, 398 A.2d 849.]
And in Green, the Court noted:
Other state and federal courts have also held that arrest records may be properly considered at sentencing, and several federal circuit courts have broadly concluded that evidence of past unresolved and unproved charges of criminal conduct not resulting in a conviction may be considered in imposing sentence.
[Green, supra, 62 N.J. at 567-68, 303 A.2d 312 (footnotes omitted).]

II
Defendant contends the trial court abused its discretion by imposing a sentence consecutive to the federal sentence he was then serving.
Our review of the record reflects that the trial judge meticulously adhered to the standards applicable to sentence articulated in State v. Roth, 95 N.J. 334, 364-65, 471 A.2d 370 (1984) and State v. Hodge, 95 N.J. 369, 471 A.2d 389 (1984).
The court specifically referred to N.J.S.A. 2C:44-1a and identified as aggravating factors N.J.S.A. 2C:44-1a(3), the risk that defendant will commit another offense; (6), the extent of the defendant's prior criminal record and the seriousness of the offenses of which he has been convicted; and (9) the need for deterring the defendant and others from violating the law.
The identification of aggravating factors immediately followed the argument of the Deputy Attorney General, who emphasized:

*635 This Defendant has, since 1977, been subjected to the monitering [sic], if you will, of Federal authorities. That monitering [sic] has done nothing. He has a total of  out of a fifteen year period, he has a total of thirteen convictions. He has experienced probation, parole and incarceration. Every time he's been on probation, he violates it. Every time he's been on parole, he violates it and sometimes, your Honor, if you look at his record, he's not out even a month when he's busy doing other crimes.
The court identified as mitigating factors N.J.S.A. 2C:44-1b(1), the defendant's conduct neither caused nor threatened serious harm; and (2), the defendant did not contemplate that his conduct would cause or threaten serious harm. However, the court concluded that the aggravating factors outweighed the mitigating factors.
The court specifically stated:
Therefore, a sentence in excess of the presumptive is appropriate. It would not be appropriate that the sentence be concurrent with a sentence imposed in the Federal Court in Pennsylvania for unrelated offenses. There should be no free crimes and New Jersey is clearly entitled to impose punishment for offenses committed in this State. While the extent of his record might arguably justify a parole disqualifier in view of the Mitigating Factors, the fact that the Defendant has no histories of violent conduct and the fact that the conduct in the present case was considered as an enhancement factor in the Federal case, this leads to the conclusion that in the interest of justice, a parole disqualifier may be dispensed with.
The court did not specifically refer to State v. Yarbough, 100 N.J. 627, 498 A.2d 1239 (1985), cert. denied, 475 U.S. 1014, 106 S.Ct. 1193, 89 L.Ed.2d 308 (1986), but it seems clear that the court's statement "There should be no free crimes," is a reference to Yarbough, which articulated the standard to determine whether sentences should be consecutive or concurrent. Those standards are:
(1) there can be no free crimes in a system for which the punishment shall fit the crime;
(2) the reasons for imposing either a consecutive or concurrent sentence should be separately stated in the sentencing decision;
(3) some reasons to be considered by the sentencing court should include facts relating to the crimes, including whether or not:

*636 (a) the crimes and their objectives were predominantly independent of each other;
(b) the crimes involved separate acts of violence or threats of violence;
(c) the crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior;
(d) any of the crimes involved multiple victims;
(e) the convictions for which the sentences are to be imposed are numerous;
(4) there should be no double counting of aggravating factors;
(5) successive terms for the same offense should not ordinarily be equal to the punishment for the first offense....[1]
[Yarbough, supra, 100 N.J. at 643-44, 498 A.2d 1239.]
Defendant specifically argues that the court's reliance on Yarbough was error as it disregarded Breeden v. New Jersey Dep't of Corrections, 132 N.J. 457, 625 A.2d 1125 (1993). We disagree. As noted in Breeden:
This case concerns the question whether another state's prison sentence, expressly intended to be concurrent with a prior uncompleted New Jersey sentence, is to be credited as time served against the uncompleted New Jersey sentence even though served in the foreign state.
[Id. at 459, 625 A.2d 1125 (emphasis added).]
The dispute in Breeden arose from a Department of Corrections decision which denied Breeden credit against an uncompleted sentence in New Jersey for time served in California on an intervening sentence in California committed while Breeden was an escapee from the New Jersey prison system. The Supreme Court determined that concepts of comity applied in determining what effect to give the "expressly intended to be concurrent" sentence of California. Id. at 466-69, 625 A.2d 1125. That decision has no bearing on our analysis as to whether defendant's sentence was properly imposed as consecutive to the federal *637 sentence. We are not dealing with a case in which the federal court imposed a sentence and expressly indicated that it was to be served concurrent to a future sentence in New Jersey and the New Jersey court thereafter elected to sentence consecutively to the prior federal sentence. Yarbough, supra, has not been affected by Breeden, supra, and the trial court did not commit error in failing to consider it.
The trial court took particular note of the prior federal sentence. The judge specifically concluded that a period of parole ineligibility would not be imposed on defendant due to the federal sentence, and due to the fact that the federal court had already enhanced defendant's sentence based upon the criminal acts committed in New Jersey.
Our standard of appellate review is to affirm a sentence "as long as the trial court properly identifies and balances aggravating and mitigating factors that are supported by competent credible evidence in the record." State v. O'Donnell, 117 N.J. 210, 215, 564 A.2d 1202 (1989). This is particularly so where the sentence does not "shock[] the judicial conscience." Id. at 216, 564 A.2d 1202 (citing State v. Roth, 95 N.J. 334, 365, 471 A.2d 370 (1984)). Defendant's sentence does not shock the judicial conscience.
The trial court decision denying defendant's motion to dismiss and defendant's sentence imposed are affirmed.
NOTES
[1] The sixth criterion, regarding overall outer limits for consecutive sentences, became invalid when the Legislature amended N.J.S.A. 2C:44-5a to read: "There shall be no overall outer limit on the cumulation of consecutive sentences for multiple offenses." L. 1993, c. 223, § 1, effective August 5, 1993.