253 N.J. Super. 181 (1991)
601 A.2d 265
STATE OF NEW JERSEY, PLAINTIFF,
v.
MUKAILAN TRUMP ASHRUE, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal) Middlesex County.
Decided December 10, 1991.
*182 J. Patrick Barnes, Assistant Prosecutor (Alan Rockoff, Middlesex County Prosecutor) for the State of New Jersey.
Dennis V. Nieves, for Defendant.
MESSINA, J.S.C.
The issue before the Court is whether or not prosecution of the pending State indictment is barred by N.J.S.A. 2C:1-11a because of a previous federal prosecution involving the same defendant.
On January 28, 1989, New Jersey State Trooper Soulias stopped the motor vehicle which defendant Ashrue was driving for a motor vehicle violation. During a search of the vehicle, to which Ashrue had previously consented, Trooper Soulias discovered a kilo of suspected cocaine in a vinyl bag underneath the rear undercarriage.
In March 1989, the Middlesex County Grand Jury indicted Ashrue for the possession of cocaine and for the possession of cocaine with the intent to distribute.
On November 28, 1989, a Federal Grand Jury for the Middle District of North Carolina indicted Ashrue in a three count indictment. The First Count charged that prior to, in, or about the fall, 1988, and continuing up to and including June 20, 1989, in the Middle District of North Carolina, the Eastern District of New York, and elsewhere, Ashrue and other named individuals conspired to willfully, intentionally, and unlawfully possess multiple kilogram quantities of cocaine hydrochloride with intent to manufacture crack. The indictment set forth numerous alleged overt acts in furtherance of the conspiracy in early May 1989 in Brooklyn, New York, and Greensboro, North Carolina, and also on or about June 5 and June 6, 1989 in Brooklyn, New York, and Greensboro, North Carolina. Counts 2 and 3 *183 charged the Defendant Ashrue and other named individuals with possession of cocaine hydrochloride with intent to manufacture crack in Guilford County, North Carolina, on or about May 3, 1989, and on or about June 6, 1989, respectively. The New Jersey incident of January 28, 1989 was not mentioned in the North Carolina federal indictment either as an alleged overt act with regard to the Count 1 conspiracy charges or otherwise.
The North Carolina indictment was tried in May 1990 and resulted in Ashrue's conviction on all counts. During the trial, New Jersey State Troopers Soulias and Burke were called as prosecution witnesses. Trooper Soulias testified that he stopped a motor vehicle being driven by Defendant Ashrue for a motor vehicle violation on January 28, 1989, and found a kilo of suspected cocaine in a vinyl bag under the rear undercarriage of the vehicle. Trooper Burke verified the removal of the bag containing suspected cocaine by Soulias from the undercarriage of the vehicle. The testimony of the two New Jersey Troopers occupied approximately ten pages of the total transcript of the North Carolina proceedings which was in excess of 500 pages. The North Carolina trial focused on the alleged overt acts in furtherance of the conspiracy and on proof of the acts alleged in Counts 2 and 3 of the indictment on or about May 3, 1989, and on or about June 6, 1989, in Guilford County, North Carolina. The prosecution presented substantial evidence to implicate Defendant Ashrue in the alleged conspiracy in addition to that provided by the two New Jersey troopers.
On August 10, 1990, the United States District Court Judge in North Carolina sentenced Ashrue to a prison term of 188 months on Counts 1 through 3 consolidated.
Defendant Ashrue is now present in New Jersey for trial on the State indictment. The New Jersey charges were presented to a jury in July 1991; the Court declared a mistrial because of the inability of the jury to reach a unanimous verdict on any count. On the eve of the second New Jersey trial, defendant's New Jersey attorney (who did not represent the defendant at *184 the previous New Jersey trial), moved to dismiss the New Jersey indictment because of statutory double jeopardy, N.J.S.A. 2C:1-11a.
N.J.S.A. 2C:1-11a in relevant part provides:
When conduct constitutes an offense within the concurrent jurisdiction of this State and of the United States, a prosecution in the District Court of the United States is a bar to a subsequent prosecution in this State under the following circumstances:
a. The first prosecution resulted in an acquittal or in a conviction, or in an improper termination as defined in section 2C:1-9 and the subsequent prosecution is based on the same conduct, unless (1) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil or (2) the offense for which the defendant is subsequently prosecuted is intended to prevent a substantially more serious harm or evil than the offense of which he was formerly convicted or acquitted or (3) the second offense was not consummated when the former trial began.
The State acknowledges that exceptions to the statutory bar set for in N.J.S.A. 2C:1-11a(2) and (3) do not apply. Compare State v. DiVentura, 187 N.J. Super. 165, 170, 453 A.2d 1354 (App.Div. 1982) with regard to N.J.S.A. 2C:1-11a(2). The State contends however that the State prosecution is not based on the same conduct as the federal prosecution and even if it was, the exception to the bar in N.J.S.A. 2C:1-11a(1) applies; therefore State prosecution of the Defendant is not prohibited.
The Court agrees that the State's position is sound. "Same conduct" as used in N.J.S.A. 2C:1-11a has been interpreted to mean "identical conduct", that is conduct referring to one particular set of actions occurring on only the one occasion. Overlapping conduct is not identical. State v. DiVentura, supra 187 N.J. Super. at 172-73, 453 A.2d 1354. The New Jersey indictment pertains to defendant's alleged specific conduct on January 28, 1989 while driving a motor vehicle in New Jersey. Count one of the federal indictment refers to defendant's general conduct occurring between the fall of 1988 and June 20, 1989 primarily in Brooklyn, New York and in North Carolina, and to defendant's specific conduct at the times and *185 places of the alleged overt acts in furtherance of the conspiracy. The defendant's conduct which was the subject matter in the federal trial was far more pervasive in terms of both time and geographical area than defendant's conduct which is the subject matter of the New Jersey indictment. The defendant's New Jersey conduct constituted one small piece of evidence in an alleged far reaching criminal enterprise.
Even if the State prosecution was based on the same conduct as the federal prosecution, the State would not be barred from proceeding in New Jersey because the offense of which the defendant was formerly convicted and the offense for which he is being prosecuted in New Jersey each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil. State v. Cooper, 211 N.J. Super. 1, 14-19, 510 A.2d 681 (App.Div. 1986). In the federal trial, the prosecution had to prove facts from which the jury could reasonably conclude that the Defendant Ashrue, with other named defendants, conspired to possess cocaine hydrochloride with the mental state of intending to manufacture crack. In the State trial, the prosecution must prove that the Defendant Ashrue possessed cocaine with the mental state of intending to distribute it. Intent to manufacture crack is not the same as the intent to distribute cocaine, that is to deliver or transfer cocaine from one person to another.
Also in the federal trial, the prosecutor was required to prove facts establishing a conspiracy which facts were not required in New Jersey; in the State trial, the prosecutor must prove possession of cocaine in New Jersey on January 28, 1989 with intent to distribute which fact was not required in North Carolina to prove a conspiracy to possess cocaine hydrochloride with the intent to manufacture crack.
Also the law defining the offense of possession with intent to distribute cocaine is intended to prevent a substantially different harm or evil than the law defining the offense of conspiracy *186 to possess cocaine hydrochloride with intent to manufacture crack. Each law is directed at a different step in the effort to control and eliminate drug trafficking.
For the reasons stated, the motion of the Defendant Ashrue to dismiss the New Jersey indictment because prosecution is barred pursuant to N.J.S.A. 2C:1-11a is denied.