Reversed and remanded for further proceedings consistent with our opinion.

711 A.2d 318

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. FREDERICK A. CARGILL, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted April 27, 1998—Decided May 13, 1998.

---

[5] In light of our decision we need not address whether PATH's participation in the litigation for over a year, and its eleventh hour motion grounded in the contract's alternate dispute clause, was untimely or a waiver or abandonment of the issue.  *Cf. Williams v. Bell Telephone Laboratories, Inc.*, 132 *N.J.* 109, 118–120, 623 *A.2d* 234 (1993) (despite assertions of statute of limitations defense in answer, failure to pursue that defense through three and one-half years of litigation led to waiver of that defense).

Before Judges LANDAU and NEWMAN.

*Ivelisse Torres*, Public Defender, attorney for appellant (*Susan Brody*, Assistant Deputy Public Defender, of counsel and on the brief).

*Peter Verniero*, Attorney General, attorney for respondent (*Bennett A. Barlyn*, Deputy Attorney General, of counsel and on the brief).

The opinion of the Court was delivered by

LANDAU, J.A.D.

Defendant Frederick A. Cargill was found guilty as charged following jury trial on counts of third degree possession of cocaine (*N.J.S.A.* 2C:35–10a(1)) and first degree possession of cocaine with intent to distribute (*N.J.S.A.* 2C:35–5a(1), b(1)). Following merger of the possession count into the latter count, he was sentenced to a custodial term of twelve years, to be served concurrently with a twenty-seven year federal sentence he is serving for conspiracy to distribute cocaine. Appropriate fees, penalties and license suspension were imposed.

On appeal defendant contends:

*POINT I*

DEFENDANT'S PROSECUTION IN NEW JERSEY FOR POSSESSION OF COCAINE AND POSSESSION WITH THE INTENT TO DISTRIBUTE WAS BARRED BY HIS PREVIOUS CONVICTION IN FEDERAL DISTRICT COURT FOR THE SAME CONDUCT.

*POINT II*

THE COCAINE SEIZED FROM DEFENDANT AFTER THE TROOPER (1) IMPROPERLY ORDERED HIM TO EXIT THE CAR AND (2) UNLAWFULLY SEIZED A PACKAGE THAT THE TROOPER HAD ALREADY ASCERTAINED DID NOT CONTAIN A WEAPON, WAS INADMISSIBLE.

    A.  The Trooper, Who Had No Objective Basis for a Heightened Awareness of Danger, Unlawfully Ordered Defendant to Exit the Car.

    B.  Since the Contents of the Package of Cocaine Concealed in Defendant's Pants Was Not Immediately Identifiable by Touch, Seizure of the Package Was Not Justified Under the "Plain Touch" Doctrine.

*POINT III*

THE COURT ERRED IN INTRODUCING DEFENDANT'S INCULPATORY LETTER, ALONG WITH DOCUMENTS PURPORTING TO AUTHENTICATE HIS SIGNATURE, WITHOUT AN INSTRUCTION AS TO THE JURY'S ROLE IN EVALUATING THE EVIDENCE. (Not Raised Below).

*POINT IV*

A CORRECT BALANCING OF AGGRAVATING AND MITIGATING FACTORS SHOULD HAVE RESULTED IN THE IMPOSITION OF A MINIMUM TERM.

We have considered each of these arguments and find them to be without merit. *R.* 2:11-3(e)(2).

■ The initial search and seizure emanated from a traffic violation vehicle stop during which the driver admitted to driving without a valid license. The record is sufficient to provide support for the trooper's safety concerns when his routine questions were totally ignored by defendant, who was in the passenger seat of the vehicle. Those reasonable concerns warranted ordering defendant out of the car and a weapons pat-down, upon observation of a large bulge in defendant's pants. This resulted in discovery of the hard package of crack cocaine by plain touch. We find no constitutional violation, *see State v. Smith,* 134 *N.J.* 599, 615–18, 637 *A.*2d 158 (1994) (requiring some fact or facts which would impel an objectively reasonable officer to a heightened awareness of possible danger); *Minnesota v. Dickerson,* 508 *U.S.* 366, 113 *S.Ct.* 2130, 124 *L.Ed.*2d 334 (1993). Unlike *State v. Jackson,* 276 *N.J.Super.* 626, 648 *A.*2d 738 (App.Div.1994), and *Dickerson, supra,* the judge who heard the testimony in the suppression hearing believed the trooper's testimony respecting immediate recognition, by touch and experience, of the probable nature of the hard object detected during pat-down of the bulge.

Defendant contends that as the federal conspiracy indictment and conviction involved his crack distribution activities in "North Carolina and elsewhere" between 1988 and January 30, 1995, and the New Jersey charges arose in 1994, the New Jersey prosecution should have been barred under *N.J.S.A.* 2C:1–11 and under our State constitutional guarantee of fundamental fairness. We reject the contention for the reasons enumerated below, any one of which would suffice.

1. The tardily raised defense was waived under *R.* 3:10–2(c) because not asserted prior to trial.

2. Subject to *N.J.S.A.* 2C:1–11, conviction of a federal offense does not bar State prosecution even if the proscribed conduct arises out of the same episode. *Heath v. Alabama,* 474 *U.S.* 82, 88–89, 106 *S.Ct.* 433, 437, 88 *L.Ed.*2d 387, 394–95 (1985); *State v. Goodman,* 92 *N.J.* 43, 51, 60, 455 *A.*2d 475 (1983) (Schreiber, J. concurring); *State v. Cooper,* 54 *N.J.* 330, 336–39, 255 *A.*2d 232 (1969), *cert. denied,* 396 *U.S.* 1021, 90 *S.Ct.* 593, 24 *L.Ed.*2d 514 (1970); *State v. Ellis,* 280 *N.J.Super.* 533, 550, 656 *A.*2d 25 (App.Div.1995). However, under *N.J.S.A.* 2C:1–11, the bar to subsequent prosecution applies only where the two prosecutions are based on the "same conduct" *and* only where the proofs necessary to the two prosecutions meet the statutory test for congruence. Cannel, *New Jersey Criminal Code Annotated,* comment 3 on *N.J.S.A.* 2C:1–11 (1997–98). The phrase "same conduct" has been uniformly held to mean identical conduct; that is, conduct involving one discrete set of actions occurring on only the one occasion. *State v. Jones,* 287 *N.J.Super.* 478, 487, 671 *A.*2d 586 (App.Div.1996); *State v. Walters,* 279 *N.J.Super.* 626, 632, 653 *A.*2d 1176 (App.Div.), *certif. denied,* 141 *N.J.* 96, 660 *A.*2d 1195 (1995); *State v. Buhl,* 269 *N.J.Super.* 344, 368, 635 *A.*2d 562 (App.Div.), *certif. denied,* 135 *N.J.* 468, 640 *A.*2d 850 (1994); *State v. Di Ventura,* 187 *N.J.Super.* 165, 172–73, 453 *A.*2d 1354 (App. Div.1982), *certif. denied,* 93 *N.J.* 261, 460 *A.*2d 666 (1983); *State v. Ashrue,* 253 *N.J.Super.* 181, 184, 601 *A.*2d 265 (Law Div.1991). Overlapping conduct is not identical conduct for purposes of *N.J.S.A.* 2C:1–11. *Jones, supra,* 287 *N.J.Super.* at 487, 671 *A.*2d 586; *Di Ventura, supra,* 187 *N.J.Super.* at 173, 453 *A.*2d 1354; *Ashrue, supra,* 253 *N.J.Super.* at 184, 601 *A.*2d 265.

As a commentator has observed respecting *N.J.S.A.* 2C:1–11a:

> The bar to subsequent prosecution applies only where the two prosecutions are based on the "same conduct," *State v. Di Ventura,* 187 *N.J.Super.* 165, 172–173, 453 *A.*2d 1354 (App.Div.1982). Cases have generally defined "same conduct" so strictly that prosecutions have not been barred. See *State v. Buhl,* 269 *N.J.Super.* 344, 367–70, 635 *A.*2d 562 (App.Div.), *certif. den.* 135 *N.J.* 468, 640 *A.*2d 850 (1994), where the court held that a state kidnapping charge was not barred by a federal kidnapping charge for the same incident on the ground that the elements of the

offenses were not identical so that each required proof of a fact not required by the other. Given that the detail of definition of crimes varies from jurisdiction to jurisdiction and that many federal crimes are justified by an element dealing with interstate commerce, it is unlikely that such a strict approach will ever allow the application of this section.

Cannel, *New Jersey Criminal Code Annotated,* comment 3 on *N.J.S.A.* 2C:1–11 (1997–98).

Moreover, the federal crime of conspiracy and the State possession and possession with intent offenses are not congruent. The elements required to establish each are patently different. *See Jones, supra,* 287 *N.J.Super.* at 491, 671 *A.*2d 586; *State v. Sessoms,* 187 *N.J.Super.* 625, 455 *A.*2d 595 (Law Div.1982).

■ 3. Respecting the "fundamental fairness" argument (*see State v. Yoskowitz,* 116 *N.J.* 679, 563 *A.*2d 1 (1989)), it is clear from the double jeopardy cases cited above that there is no constitutional basis for an expectation of freedom from State prosecution even where elements of the State and federal crimes are entirely congruent (which they are not in this case). *N.J.S.A.* 2C:1–11 could furnish a basis for such expectation only in New Jersey, and it is here inapplicable. Moreover, if simple "fairness" is the test, the fact that the New Jersey sentence has been run concurrently with the far longer federal sentence cannot be ignored.

■ As to the argument respecting introduction of defendant's signed letter, we note first that the defense counsel represented its voluntary execution in open court and in defendant's presence. This alone is sufficient to reject the argument. Moreover, no objection was made to the trial judge's instruction to the jurors, which permitted them to form their own conclusions as to its authenticity from other writings in the court file which bore defendant's signature. *See State v. Carroll,* 256 *N.J.Super.* 575, 598, 607 *A.*2d 1003 (App.Div.), *certif. denied,* 130 *N.J.* 18, 611 *A.*2d 656 (1992).

The twelve-year concurrent sentence was manifestly fair, indeed generous, in the circumstances.

Affirmed.