JUSTICE FERNANDEZ-VINA delivered the opinion of the Court.
**127 We consider whether the "plain feel" doctrine justified a warrantless strip search under the circumstances of this case in light of the "Strip Search Act," N.J.S.A. 2A:161A-1 to -10.
Officer Felipe Laboy of the Vineland Police Department saw defendant Robert L. Evans drive into and out of a Days Inn parking lot and pursued him in suspicion of criminal trespass. After Laboy pulled Evans over, the officer ran a warrant check and learned that Evans had an active warrant for his arrest.
Laboy placed Evans under arrest and patted him down. Laboy found $2000 in cash in Evans's pocket and, when he reached the groin area, Laboy felt a "rocklike substance." Based on his experiences with narcotics and knowledge of where drugs are **128 sometimes concealed, Laboy concluded that the bulge was likely crack cocaine. With his supervisor's permission, Laboy conducted a strip search and found crack cocaine and heroin between Evans's underwear and pants.
Evans sought to suppress the evidence found in the pat down and search. The trial court found Officer Laboy's testimony credible and denied the suppression motion.
The Appellate Division reversed in a published opinion. State v. Evans, 449 N.J. Super. 66, 155 A.3d 580 (App. Div. 2017). Although the panel found that there was probable cause for a pat down and acknowledged that "plain feel" was an exception to the warrant requirement, it disputed the finding that it was immediately apparent to Laboy that the bulge in Evans's pants was contraband. The panel thus held the officer's actions were unreasonable and vacated Evans's conviction.
We find that the panel erred in its application of the "plain feel" doctrine. Officer Laboy had witnessed "hundreds" of instances where defendants concealed contraband in the front of their pants and therefore immediately recognized the "rocklike" substance he felt to be similar to crack cocaine. Between the officer's experience-derived *845 identification of the substance and the presence of $2000 in cash, we find that the "plain feel" exception-which we hereby adopt-applied. Because we find the strip search valid, we reverse and reinstate Evans's conviction.
I.
A.
The following facts are largely derived from Officer Laboy's testimony at the suppression hearing. On January 4, 2012, Laboy began his evening shift by compiling a computer-generated list of outstanding warrants in the area. Evans was on the list due to his failure to pay outstanding traffic fines, but Laboy knew only that Evans had an outstanding warrant, not what the warrant was for.
**129 After compiling the active warrant list, Laboy and his partner patrolled the parking lots of the Days Inn and Denny's, which were areas known for narcotics, trespassing, and prostitution. Laboy's beat with the Street Crime Unit was to monitor the area's hotels in an effort to preempt crimes.
Just after midnight, Laboy saw Evans back his car into a space in the Days Inn parking lot and recognized him from a prior arrest and from a recent circulation of Evans's photo in connection with potential trespassing. Evans noticed the police presence and immediately drove out of the parking lot. The police pursued him.
Laboy consulted his list, recognized Evans's name, and decided to arrest him for his outstanding warrant. The patrol unit pulled Evans over, and he was unable to provide a driver's license. Laboy told Evans to get out of the car and placed him under arrest for the outstanding warrant, as well as for trespassing at the Days Inn. The officer then conducted a pat down search of Evans incident to his arrest.
During the search, Laboy found $2000 in cash in Evans's pants pocket. He also noticed a bulge in the groin area of Evans's jeans. In patting down that area, he felt a "rocklike substance." Based on having felt similar objects "[m]aybe over a hundred times," Laboy believed the substance was crack cocaine. Evans denied there was anything present.
Because a more invasive search would require exposing Evans's underwear, Laboy contacted his supervisor to authorize a strip search. A sergeant arrived on the scene, and gave Laboy permission to transport Evans back to the station for a strip search.
At the station, Laboy took Evans into a small room with another officer present. He unbuckled Evans's pants and reached into his jeans. Evans's underwear was not removed, nor were his private parts exposed. Between Evans's pants and underwear were two plastic bags. One bag contained nine baggies of heroin; the other had two smaller bags of crack cocaine. The police secured a search **130 warrant for Evans's car, from which they later recovered a handgun loaded with hollow-point bullets.
B.
In March 2012, a Cumberland County grand jury charged Evans with second-degree unlawful possession of a firearm, contrary to N.J.S.A. 2C:39-5(b) (count one); third-degree possession of heroin, contrary to N.J.S.A. 2C:35-10(a)(1) (count two); third-degree possession of cocaine, contrary to N.J.S.A. 2C:35-10(a)(1) (count three); second-degree possession of cocaine with intent to distribute, contrary to N.J.S.A. 2C:35-5(b)(2) (count four); third-degree possession of heroin with intent to distribute, contrary to N.J.S.A. 2C:35-5(b)(3) (count five); fourth-degree possession *846 of hollow nose bullets, contrary to N.J.S.A. 2C:39-3(f) (count six); second-degree possession of a firearm during a drug offense, contrary to N.J.S.A. 2C:39-4.1(a) (count seven); and second-degree possession of a firearm by a convicted person, contrary to N.J.S.A. 2C:39-7(b)(1) (count eight).
Evans sought to suppress the evidence as a violation of the Strip Search Act, N.J.S.A. 2A:161A-1, which requires probable cause and an exception to the warrant requirement to conduct a strip search. Evans also argued that Laboy had a duty to determine the subject of the warrant before arresting him.
The motion judge found Laboy credible and ruled that the stop and arrest of Evans for the active warrant were permissible. The judge noted that due to the active warrant, Laboy could arrest Evans regardless of the offense. The judge ruled that the officer's search incident to Evans's arrest could not alone qualify as an exception to the warrant requirement needed to authorize a strip search. However, the judge found that the "plain feel" doctrine outlined in Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993), and State v. Toth, 321 N.J. Super. 609, 729 A.2d 1069 (App. Div. 1999), provided a basis to conduct a strip search. Applying the doctrine to the facts of the case, the judge ruled the strip search was permitted because Laboy found a large **131 amount of money and felt a hard, rocklike substance in the groin area, which in Laboy's experience felt like crack cocaine and was located in an area where defendants at times conceal contraband. Therefore, the judge denied the motion to suppress.
Following a jury trial, Evans was convicted on all charges. In April 2015, he was sentenced to forty years of incarceration with a twenty-year parole disqualifier.
On appeal, Evans argued that "plain feel" was not a valid exception to the warrant requirement under the Strip Search Act. In a published opinion, the Appellate Division reversed the denial of the suppression motion and vacated Evans's conviction. Evans, 449 N.J. Super. at 73, 155 A.3d 580.
The panel found that Laboy had probable cause to suspect Evans had contraband in his pants and noted that the "plain feel" doctrine is a viable exception to the warrant requirement. However, the panel disagreed with the trial court's finding that Laboy acted reasonably in performing the strip search on Evans.
The panel focused on prong two of N.J.S.A. 2A:161A-1(b), which allows police to strip search a defendant if there is probable cause that a weapon or contraband is present "and a recognized exception to the warrant requirement exists." Citing Dickerson, 508 U.S. at 375-76, 113 S.Ct. 2130, the panel found "plain feel" could apply only if the character of the contraband was "immediately apparent" to the officer.
The panel found Laboy's remarks conclusory, noting that he did not articulate "specific facts [to] support his assertion that the nature of the contraband was immediately apparent." Evans, 449 N.J. Super. at 85, 155 A.3d 580. Particularly important to the panel were the absence of facts indicating "that the size of the bulge was remarkable in any way" and the lack of known history of Evans's concealing drugs on his person. Id. at 85-86, 155 A.3d 580.
The panel also found that the record lacked support for "a finding that the character of the bulge was immediately apparent **132 to Laboy" because the arrest was for an active warrant and not for suspicion of narcotics. The panel added that "the perception that the bulge concealed drugs *847 was made after the bulge was manipulated, not upon a mere touch in which the nature of the concealed object was immediately apparent." Id. at 86, 155 A.3d 580. Based on those facts, the panel concluded that "protections afforded by" the Strip Search Act would be jeopardized if a strip search were permitted. Ibid.
The State sought certification from this Court, which we granted. 230 N.J. 508, 170 A.3d 303 (2017). We also granted Evans's cross-petition. 230 N.J. 505, 170 A.3d 302 (2017).
II.
The State urges us to reverse, arguing that the officer complied with the two requirements to execute a strip search under N.J.S.A. 2A:161A-1(b). Specifically, the State advocates that Laboy had sufficient probable cause based on the "rocklike" bulge concealed in Evans's pants, as well as Laboy's experience, to believe the bulge was contraband. Turning to the second prong, the State argues it was immediately apparent to the officer that the bulge was contraband under the "plain feel" exception, which should apply to the Strip Search Act.
The State also warns of the drastic impact the Appellate Division opinion could have on law enforcement and argues that the published opinion creates a heightened standard for the "plain feel" exception. Last, the State notes the officer had no obligation to inquire into the reason behind the outstanding warrant.
Evans does not dispute probable cause. He argues, however, that the "plain feel" exception should not apply to a strip search in light of subsection (b) of the Strip Search Act. Evans emphasizes that the statute provides broader protections than the Federal Constitution and that allowing the "plain feel" exception would undermine the intent of the Legislature.
**133 Even if the exception does apply, Evans asserts, the Appellate Division correctly determined that the officer needed to supply a more detailed description of the peculiarities of the bulge to invoke the exception. Evans urges this Court to reject the conclusory statement offered by Laboy. Like the plain view doctrine, Evans argues, "plain feel" can justify only the seizure of items to which an officer already has lawful access.
Further, Evans alleges that the officer had an affirmative duty to ascertain the reason behind the search warrant. He argues that it was inappropriate to conduct a strip search during an arrest for an active bench warrant for the failure to pay a traffic fine.
III.
A.
An appellate court reviewing a motion to suppress evidence must uphold the factual findings underlying the trial court's decision, so long as those findings are "supported by sufficient credible evidence in the record." State v. Elders, 192 N.J. 224, 243, 927 A.2d 1250 (2007) ; accord State v. Scriven, 226 N.J. 20, 40, 140 A.3d 535 (2016). The motion court's findings should be overturned "only if they are so clearly mistaken 'that the interests of justice demand intervention and correction.' " Elders, 192 N.J. at 243, 927 A.2d 1250 (quoting State v. Johnson, 42 N.J. 146, 162, 199 A.2d 809 (1964) ). However, we owe no deference to conclusions of law reached by the motion court or Appellate Division, which we review de novo. State v. Watts, 223 N.J. 503, 516, 126 A.3d 1216 (2015) (citing State v. Vargas, 213 N.J. 301, 327, 63 A.3d 175 (2013) ).
B.
Evans challenges the police's use of a strip search as a violation of the protections *848 the Legislature created under N.J.S.A. 2A:161A-1, which limits the use of strip searches in New Jersey. **134 The State counters that the "plain feel" exception to the warrant requirement permitted the strip search.
The Legislature defined a strip search as "the removal or rearrangement of clothing for the purpose of visual inspection of the person's undergarments, buttocks, anus, genitals or breasts." N.J.S.A. 2A:161A-3(a). N.J.S.A. 2A:161A-1 provides that a person detained or arrested for an offense other than a crime shall not be strip searched unless "[t]he search is authorized by a warrant or consent," subsection (a); the subject of the search "is lawfully confined," subsection (c); or, as is relevant here, "[t]he search is based on probable cause that a weapon, controlled dangerous substance, as defined by [ N.J.S.A. 2C:35-1 to -31], or evidence of a crime will be found and a recognized exception to the warrant requirement exists." N.J.S.A. 2A:161A-1(b) (emphases added).
To support a finding of probable cause, an officer must demonstrate there is a "well-grounded suspicion" that criminal activity is afoot. State v. Smith, 212 N.J. 365, 388, 54 A.3d 772 (2012) (quoting State v. Moore, 181 N.J. 40, 45, 853 A.2d 903 (2004) ). As a term of art, "probable cause" lacks an exact definition; however, it generally "exists when, considering 'the totality of the circumstances,' a person of 'reasonable caution' would be justified in believing that evidence of a crime exists in a certain location." Ibid. (quoting Schneider v. Simonini, 163 N.J. 336, 361, 749 A.2d 336 (2000) ).
If probable cause is established, courts must explore exceptions to the warrant requirement. The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Accord N.J. Const. art. I, ¶ 7. Searches pursued without a warrant are per se unreasonable unless a delineated exception to the warrant requirement applies. Arizona v. Gant, 556 U.S. 332, 338, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009) (citing Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) ).
**135 The Appellate Division has previously determined that the search-incident-to-arrest exception to the warrant requirement cannot be used to justify a strip search for purposes of N.J.S.A. 2A:161A-1(b) because the "statute's protections are triggered by an arrest. An arrest alone, therefore, cannot be both the event invoking the protections as well as the event nullifying them." State v. Hayes, 327 N.J. Super. 373, 378, 743 A.2d 378 (App. Div. 2000). The Appellate Division has also rejected the inevitable discovery doctrine-which can operate to preserve the admissibility of evidence that would otherwise be excluded because of the manner in which it was obtained, State v. Sugar, 108 N.J. 151, 156-57, 527 A.2d 1377 (1987) -as a means of justifying a search pursuant to the Strip Search Act, which requires "that all elements justifying [the strip search] be in place before the search occurs." State v. Harris, 384 N.J. Super. 29, 51, 894 A.2d 8 (App. Div. 2006) (emphasis added) (quoting Hayes, 327 N.J. Super. at 385, 743 A.2d 378 ). We agree that those exceptions are unavailing in this context, and turn to the "plain feel" doctrine the State invokes in this case.
C.
The United States Supreme Court has accepted an officer's "plain feel" of contraband as an exception to the warrant requirement.
*849 Dickerson, 508 U.S. at 375, 113 S.Ct. 2130. In Dickerson, an officer patted down a suspect's outer clothing during a limited Terry [1] stop. Id. at 369, 113 S.Ct. 2130. The officer felt a small lump in the suspect's pocket, which, after conducting an additional search of the suspect, he concluded was crack cocaine. Ibid.
Conceptually, the Court ratified a "plain feel" exception for "cases in which an officer discovers contraband through the sense of touch during an otherwise lawful search." Id. at 375, 113 S.Ct. 2130. The Court analogized "plain feel" to the plain view exception, which allows police to seize contraband left in open view where a **136 police officer could observe it from a lawful vantage. Ibid. Contrarily, if an officer "lack[s] probable cause to believe that an object in plain view is contraband without conducting some further search of the object-i.e., if its incriminating character [is not] immediately apparent-the plain-view doctrine cannot justify its seizure." Ibid. (alteration in original) (citation and internal quotation marks omitted).
The Dickerson Court held that contraband found through "tactile discoveries" may be seized without a warrant because consulting "a neutral magistrate under such circumstances would often be impracticable and would do little to promote the objectives of the Fourth Amendment." Ibid. The Court concluded:
If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context.
[ Id. at 375-76, 113 S.Ct. 2130 (emphases added).]
Although it recognized the exception, the Dickerson Court held that it could not apply under the facts of that case because it was not "immediately apparent" to the officer there that contraband was present. Id. at 379, 113 S.Ct. 2130. The officer who found a lump that turned out to be crack cocaine testified that, "[a]s I pat-searched the front of [the defendant's] body, I felt a lump, a small lump, in the front pocket. I examined it with my fingers and it slid and it felt to be a lump of crack cocaine in cellophane." Id. at 369, 113 S.Ct. 2130 (emphasis added). The Court stressed that the officer did not instantly recognize the object as crack cocaine but rather needed a further search-a "continued exploration of [the defendant's] pocket"-to reach that conclusion. Id. at 378-79, 113 S.Ct. 2130. That additional search was not authorized under Terry-which permits a safety-driven search for weapons alone and thus justified the pat down search only up to the moment at which the officer determined no weapons were present-or any another exception, and the Court therefore concluded the seizure was unconstitutional. Ibid.
**137 This Court has not adopted[2] "plain feel" as an exception to the warrant requirement in New Jersey. See State v. Robinson, 228 N.J. 529, 551 n.5, 159 A.3d 373 (2017) (declining to analyze applicability *850 of "plain feel" exception because officer was not lawfully inside car when he conducted pat down). However, the Appellate Division has addressed the "plain feel" doctrine.
In State v. Jackson, 276 N.J. Super. 626, 630, 648 A.2d 738 (App. Div. 1994), a case factually similar to Dickerson, the panel found that the "plain feel" exception did not apply. The officer in Jackson testified that he knew the object he felt during a pat down search was not a weapon and that he did not determine it was contraband until a subsequent search. Id. at 629, 631, 648 A.2d 738. As in Dickerson, because it was not "immediately apparent" to the officer that he felt contraband, the Jackson court suppressed the evidence. Id. at 631, 648 A.2d 738.
In Toth, however, the Appellate Division invoked the "plain feel" or "plain touch" exception to the warrant requirement in declining to suppress evidence seized during a pat down. 321 N.J. Super. at 614-16, 729 A.2d 1069. In that case, an officer pulled the defendant over for speeding, and the defendant could not produce his credentials. Id. at 611-12, 729 A.2d 1069. The officer described the defendant as nervous and then saw a bulge in the defendant's shorts, which the defendant attempted to cover with a baseball cap. Id. at 612, 729 A.2d 1069. In the subsequent pat down, the officer testified that "upon feeling the object, he knew it was not a handgun but rather" a controlled dangerous substance ("CDS"). Ibid. The officer then pulled out a brown paper bag containing plastic bags of cocaine, as well as vials and caps. Ibid.
**138 The Toth court upheld the search after considering the totality of the circumstances, including the defendant's furtive actions and the location of the bulge in an area in which "drug dealers frequently hide drugs." Id. at 613-14, 729 A.2d 1069. The panel concluded that the officer did not need to testify as to "the particular, tactile sensation [he] experienced," id. at 614, 729 A.2d 1069, or anything more than "the general identification of CDS. The [officer's] statement that he immediately recognized CDS from its feel is analogous to an officer testifying that he immediately recognized marijuana from its smell," id. at 615, 729 A.2d 1069 ; see also State v. Cargill, 312 N.J. Super. 13, 17, 711 A.2d 318 (App. Div. 1998) (upholding seizure of drugs under "plain feel" when trial court credited officer's "immediate recognition, by touch and experience" of narcotics).
IV.
A.
In light of the Appellate Division's recognition of the "plain feel" exception, police have relied on the doctrine for some time. We agree with the Appellate Division and ratify the United States Supreme Court's reasoning in Dickerson, 508 U.S. at 375-76, 113 S.Ct. 2130. An officer in a lawful position has numerous powers of observation, which should not be limited to sight. Often, the smell of marijuana will trigger further investigation, the sound of panicked shouting alerts police to exigency, and the sight of weapons in plain view permits police to seize them.
We hold that, similarly, "tactile discoveries of contraband" may justify a warrantless search under certain circumstances. Specifically, contraband found during the course of a lawful pat down may be seized without a warrant if the officer "feels an object whose contour or mass makes its identity immediately apparent." Dickerson, 508 U.S. at 375, 113 S.Ct. 2130. Because immediate tactile recognition of contraband is necessary to justify any subsequent search for and seizure of the contraband, **139 moreover, the "plain *851 feel" exception is compatible with the Strip Search Act requirement "that all elements justifying [the strip search] be in place before the search occurs." Harris, 384 N.J. Super. at 51, 894 A.2d 8 (emphasis added) (quoting Hayes, 327 N.J. Super. at 385, 743 A.2d 378 ).
B.
Having recognized the "plain feel" exception to the warrant requirement, we now consider whether it justifies the strip search involved in this case.[3] Thus, we must analyze whether Officer Laboy was in a lawful position to feel the object and whether it was immediately apparent to him that the bulge he felt was contraband.
Regarding the officer's vantage, Laboy lawfully pulled Evans over for suspected trespassing on hotel property that was a known hotbed for prostitution and drug activity. The officer consulted his open warrants list and confirmed that Evans had an active warrant for his arrest. Evans argues that the officer overreached because the warrant was only for the failure to pay an outstanding traffic fine. That view discounts Laboy's deference to magistrates who have dutifully authorized a warrant. See State v. Jones, 143 N.J. 4, 14, 667 A.2d 1043 (1995) (noting officer's duty to arrest subject once warrant is issued and stressing that "[o]fficers have no discretion in making arrests where there is an outstanding warrant" (quoting Stone v. State, 620 So.2d 200, 201 (Fla. Dist. Ct. App. 1993) ) ). The officer was required to arrest Evans regardless of the reason and did not have to investigate the nature of the charge.
After determining that Evans had an active warrant, Laboy placed Evans under arrest and performed a pat down. That search **140 incident to arrest was not an avenue to perform a strip search of Evans, see Hayes, 327 N.J. Super. at 378, 743 A.2d 378, and was intended to assure that Evans did not have weapons or evidence of a crime. Laboy was duly authorized to perform the pat down and, therefore, was in a lawful position when he first felt the bulge.
Next, we must examine whether it was immediately apparent to Laboy that the bulge was contraband. We disagree with the Appellate Division's rejection of the trial court's finding that it was "immediately apparent" to the officer that Evans possessed a controlled substance.
Based on the officer's credible testimony, we know that Laboy noticed a bulge in the groin area. When he patted down Evans, he found $2000 in cash and felt a "rocklike substance." In his experiences as a narcotics officer, who had witnessed concealed contraband in the groin area "hundreds of times," the location of the bulge was important to his conclusion. Based on his observations and experiences, Laboy concluded that what he felt was crack cocaine.
We find that those facts offer "sufficient credible evidence in the record" to support the trial court's finding that it was immediately apparent to the officer that drugs were present. See Elders, 192 N.J. at 243, 927 A.2d 1250. Officer Laboy's description of a "rocklike" substance, combined with the cash he found and the officer's "hundreds" of similar encounters, merits the application of the "plain feel" exception. Thus, the officer here met both prongs of N.J.S.A. 2A:161A-1(b), and was permitted to perform a strip search on Evans.
*852 Because the Appellate Division focused specifically on the level of detail in the officer's testimony, we add that, as compared to past cases, the officer here gave sufficient detail to justify his search. Laboy specified that the object he felt was likely crack cocaine, unlike in Jackson where the officer admitted that, during the standard pat down, he knew only that he had felt a "hard and flexible object" that was not a weapon. 276 N.J. Super. at 631, 648 A.2d 738. In addition, the description here was more detailed than **141 that of the officer in Toth, who said only that he felt "CDS." We find Officer Laboy's description adequate, and although a graphic description is not needed to qualify for the plain-feel exception, we stress that an officer must offer more detail than saying he felt contraband. The more detail, the better.
In sum, Officer Laboy had probable cause to suspect drug activity was present. He executed a lawful search incident to an arrest and, based on his "plain feel" of the bulge, the finding of the cash, and his experience, it was immediately apparent to him that the "rocklike" substance he felt was crack cocaine. As we now recognize the "plain feel" exception, we determine that Laboy complied with the mandates of N.J.S.A. 2A:161A-1(b), and was authorized to perform a strip search on Evans.
V.
Accordingly, we reverse the judgment of the Appellate Division and reinstate Evans's convictions. The matter is remanded to the Appellate Division for consideration of Points II and VI, as enumerated in the panel's opinion, which the panel did not reach in light of its resolution of the suppression issue.
CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, SOLOMON, and TIMPONE join in JUSTICE FERNANDEZ-VINA's opinion.

Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

In his Appellate Division brief, Evans cites State v. Smith, 155 N.J. 83, 89, 713 A.2d 1033 (1998), as an example of "plain feel" analysis when an officer seized a key despite knowing the object was not contraband or a weapon. That case is inapplicable as the issue facing that Court surrounded a tip from a confidential informant, see id. at 92-100, 713 A.2d 1033 ; we analyzed neither "plain feel" nor Dickerson, 508 U.S. at 375, 113 S.Ct. 2130, in Smith.

Once again, the parties do not challenge that, following Evans's furtive actions in the hotel parking lot and a positive warrant hit, Laboy was justified in pulling him over. Further, probable cause was readily apparent here and is undisputed.