**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1005-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOAO C. TORRES,

     Defendant-Appellant.

_____

Argued telephonically May 18, 2020 –
Decided July 9, 2020

Before Judges Moynihan and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 17-03-0371.

Margaret Ruth McLane, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Margaret Ruth McLane, of counsel and on the briefs).

Steven A. Yomtov, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Steven A. Yomtov, of counsel and on the brief).

PER CURIAM

After the trial court denied his motion to suppress the seizure of the clothing he was wearing when he was taken into custody, defendant Joao C. Torres pleaded guilty to first degree murder, N.J.S.A 2C:11-3(a) (1) (count one); second-degree disturbing human remains, N.J.S.A. 2C:22-1(a)(1) (count four); and two counts of third-degree fraudulent use of a credit card, N.J.S.A. 2C:21-6(h) (counts eleven and twelve), admitting he killed his stepfather with an axe, wrapped his body in a blanket and plastic bag secured by duct tape, placed the body in the garage of the residence they shared, and used the victim's credit cards to make purchases. Appealing from the judgment of conviction entered, defendant's sole argument in his merits brief is:

> THE TRIAL COURT ERRED IN DENYING THE MOTION TO SUPPRESS THE EVIDENCE SEIZED AS A RESULT OF THE WARRANTLESS STRIP SEARCH.

We reject defendant's argument that police conducted a strip search when they seized his clothes but remand for more explicit findings of fact and conclusions of law by the trial court.

In an oral decision, the trial court made findings of fact based on the evidence adduced during the suppression hearing at which it heard testimony from a Middlesex County Prosecutor's detective assigned to the Major Crimes

2

Unit (the detective). We defer to the trial court's factual findings on a motion to suppress, "unless they were 'clearly mistaken' or 'so wide of the mark' that the interests of justice require[] appellate intervention." State v. Elders, 192 N.J. 224, 245 (2007) (quoting N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007)). The judge who observed the character and demeanor of the witnesses at the suppression hearing is in a better position to determine credibility. State v. Locurto, 157 N.J. 463, 474 (1999). However, we exercise plenary review of the court's application of the law to the facts on a motion to suppress. State v. Cryan, 320 N.J. Super. 325, 328 (App. Div. 1999).

From the limited findings made by the trial court we discern these facts. After receiving a 911 call, both the Prosecutor's Office and municipal police investigated the victim's death. The detective responded to the residence that he learned was occupied by the victim and defendant, and saw "an enormous amount of blood" in a bedroom of the residence. Among those with ties to the residence who the police sought to question, defendant could not be immediately located; a search for him ensued.

The detective was later advised police located a "truck associated with" the victim, and also found defendant who fled and hid, "necessitating a search by . . . law enforcement officers" who found defendant and brought "him in for

3

questioning[.]" During the questioning, the detective noticed defendant "scratching" his hands and became concerned defendant was trying to destroy evidence. The trial court found the detective, in that moment, "ha[d] to figure out what to do with regards to preserving evidence that may be on [defendant] because of the enormous amount of blood, the mattress being soaked, the blood[]on the wall, [and] the enormous amount of blood on the floor[.]" The detective deduced that defendant's clothing or hands could contain biological evidence that should be preserved.

The trial court described the detective's ensuing actions:

> So, then at some point he leaves the room, makes [an] inquiry with a supervisor as to how – whether to proceed to a warrant or not. The supervisor makes a decision to – to collect the evidence as soon as possible without a warrant, at least without applying for a warrant right then and there, due to the risk of loss of the evidence if the defendant chose to use the bathroom and decided to wash his hands, or just simply continue there scratching his hands. That's a real-life decision made.

The court found the police "ultimately retriev[ed defendant's] clothes after the interrogation was completed[.]" That procedure entailed defendant "being brought into a room, asking him to remove his clothing and being given an exchange of -- another set of clothing to wear so that the clothing from his person was bagged, [and] the swabbing of his hands during the processing[.]"

4

"A warrantless search [or seizure] is presumed invalid unless it falls within one of the recognized exceptions to the warrant requirement." State v. Cooke, 163 N.J. 657, 664 (2000), overruled on other grounds by State v. Witt, 223 N.J. 409, 450 (2015). Inasmuch as police seized defendant's clothes without a warrant, it is incumbent upon the State to prove the search was valid under an exception to the warrant requirement. See State v. Moore, 181 N.J. 40, 44-45 (2004). The Moore Court recognized some of the United States Supreme Court decisions that established some of those exceptions: South Dakota v. Opperman, 428 U.S. 364, 370-71 (1976) (the "inventory search" exception) and Chimel v. California, 395 U.S. 752, 762-63 (1969) (the "search incident to arrest" exception). Moore, 181 N.J. at 45. Other recognized exception-doctrines are inevitable discovery, State v. Shaw, 237 N.J. 588, 620-21 (2019), and exigent circumstances, State v. DeLuca, 168 N.J. 626, 632 (2001).

Absent from the trial court's decision is its legal analysis of the justification for the warrantless seizure, other than that the "realtime" response from the detective was not "unreasonable." The court concluded the process of asking defendant to remove his clothing and exchange it for other clothes and swabbing his hands was no "more unreasonable than fingerprinting him or taking a picture of him or what have you."

The trial court noted defendant would have had to exchange his civilian clothes for "the orange or green jumpsuit" at the jail, but it did not fully analyze the seizure as an inventory search. We note, however, the State proffered to the trial court only two justifications for the seizure: inevitable discovery and as a search incident to defendant's arrest. To the extent the State did not raise other warrant exceptions to the trial court, as it attempts on appeal, we decline to consider them. See State v. Robinson, 200 N.J. 1, 20 (2009) ("[A]ppellate courts will decline to consider questions or issues [on appeal that were] not properly presented to the trial court when an opportunity for such a presentation [was] available[.]" (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973))).

Although the trial court acknowledged that police ultimately obtained a search warrant, it made no findings as to the timing of the application of the warrant or its issuance vis-à-vis the timing of the seizure; nor did the court detail the warrant application process, including technical difficulties the State alleged it had obtaining the after-hours search warrant. It merely concluded, "I don't know what the violation of [defendant's] rights were. They tried to get a warrant. They . . . weren't able to get a warrant. I recognize the difficulties . . . of it."

A-1005-18T1

Thus, the trial court did not analyze the seizure under the inevitable discovery doctrine.

The trial court found the police "at least came to [the] decision . . . they were going to charge [defendant] with the crime of resisting [arrest] by flight," and the court perceived from video evidence presented that defendant, "after he gave the clothes up, he's standing there in white with booties,[1] he's advised he's being placed under arrest for resisting [arrest] by flight."   It did not, however, analyze the seizure as incident to that arrest.

The only warrant exception specifically mentioned by the trial court as a justification for any seizure was exigent circumstances, a warrant exception not advanced to the trial court by the State:

> At a minimum, they're able to secure evidence under these exigent circumstances, given that what – failure to do so could very well have led to them losing more evidence that they already lost by what – just watching him pick his fingers during the statement.

The trial court did not relate the seizure of defendant's clothing to any exigency. Nor did the court explain what probable cause existed for the seizure.[2]

---

[1]  Although not mentioned by the trial court, the record reveals defendant was given a white Tyvek suit to wear after his clothes were seized.

[2]  The record does not contain the reasons the search warrants were issued; as such, we do not know what probable cause was found by the issuing judge.

A-1005-18T1

Although in its oral decision, the trial court reserved its "right to supplement [its] decision later if necessary if . . . the biological evidence seized[] would be admissible at trial," it did not.

The trial court was required to make proper findings of facts and correctly relate those findings to its conclusions of law justifying the warrantless seizure, whether it be incident to arrest or inevitable discovery. R. 1:7-4(a); see also Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 301 (App. Div. 2018); State ex rel. L.W., 333 N.J. Super. 492, 497-98 (App. Div. 2000) (remanding a trial court's decision adjudicating a juvenile delinquent for second-degree robbery because the court failed to make proper findings of fact and explain how the juvenile's actions satisfied the elements of the offense). But, because the trial court did not comport with Rule 1:7-4(a), we are compelled to remand with instructions to the court to delineate its reasoning as to those warrant exceptions.

We are fully aware a search incident to arrest does not require a warrant, so long as probable cause existed for the arrest. State v. Gibson, 218 N.J. 277, 293 (2014). Further, it is well settled that police are entitled to conduct a warrantless seizure of a defendant's outer-clothing pursuant to the search-incident to a lawful arrest exception to the warrant requirement. United States v. Edwards, 415 U.S. 800, 806 (1974) ("When it became apparent that the

articles of clothing were evidence of the crime for which [the defendant] was being held, the police were entitled to take, examine, and preserve them for use as evidence, just as they are normally permitted to seize evidence of crime when it is lawfully encountered"); State v. Mark, 46 N.J. 262, 277 (1966) ("The taking of the clothing and the examination of [the defendant's] trousers for bloodstains were clearly proper police procedures [pursuant to the search-incident to a lawful arrest exception] and were neither unreasonable nor violative of any of the defendant's constitutional rights"); see also State v. Cambell, 53 N.J. 230, 233-34 (1969) (citing Mark favorably and noting that "the removal of [a defendant's] clothing . . . for examination and for inventorying of its contents [is] not unreasonable or violative of any constitutional rights" (citing Mark, 46 N.J. 277-79)).

The trial court did not specify that probable cause for defendant's arrest existed at the time his outer garments were seized, nor the specific crimes or offenses for which there was probable cause. The court's finding that the police "at least came to the decision . . . they were going to charge [defendant] with the crime of resisting [arrest] by flight," does not indicate when probable cause existed. So too, its finding that defendant, "after he gave the clothes up, he's standing there in white with booties, he's advised he's being placed under arrest

9

for resisting [arrest] by flight," indicates that probable cause existed after—not when—the clothing was seized.

We also realize that evidence need not be excluded if the State establishes:

> (1) proper, normal and specific investigatory procedures would have been pursued in order to complete the investigation of the case; (2) under all of the surrounding relevant circumstances the pursuit of those procedures would have inevitably resulted in the discovery of the evidence; and (3) the discovery of the evidence through the use of such procedures would have occurred wholly independently of the discovery of such evidence by unlawful means.
>
> [Shaw, 237 N.J. at 621 (quoting State v. Smith, 212 N.J. 365, 391 (2012)).]

The trial court did not analyze those three prongs, particularly as they relate to defendant's sweatshirt, including the State's efforts that resulted in the issuance of the search warrant, the timing of those efforts in relation to the seizure and the parameters of the warrant as they relate to the evidence seized.

The trial court need only address those two exceptions; the State did not raise any others to the court in its brief in support of the warrantless search. The trial court's careful findings and related conclusions made in conformity with Rule 1:7-4(a) will establish a solid record if needed for any future review.

Our review does not end with the trial court's decision. Defendant does not challenge the trial court's decision, except to cursorily state the seizure of

his clothing was a proscribed strip search. He does not raise any independent argument in his merits brief that the search was not justified as an exception to the warrant requirement under any other warrant-exception doctrines,[3] including exigent circumstances or a search incident to defendant's arrest. Save for a brief mention in his reply brief that no exigency existed because there was "no evidence that [defendant] would have in any way harmed whatever evidence was present on his clothing, as opposed to his hands," and there was no "real danger of destruction of evidence since the police had already waited for so many hours before taking [defendant's] cloth[ing]," he continued to argue those warrant exceptions cannot be used to justify an unlawful strip search, not that the trial court erred by finding the search was justified by any warrant exception.

Because he did not properly raise an argument relating to any other warrant exceptions, we consider them waived. State v. L.D., 444 N.J. Super. 45, 56 n.7 (App. Div. 2016) ("[A]n issue not briefed is waived."); N.J. Dep't of Envtl. Prot. v. Alloway Twp., 438 N.J. Super. 501, 506 n.2 (App. Div. 2015) ("An issue that is not briefed is deemed waived upon appeal."). Further, defendant cannot raise for the first time any argument in his reply brief. See

---

[3] As we later observe, some strip searches do not require a warrant. See N.J.S.A. 2A:161A-1(b), (c).

A-1005-18T1

State v. Smith, 55 N.J. 476, 488 (1970) (noting that it is improper for an appellant to raise a new issue in his or her reply brief).

We also recognize procedural defects in defendant's present strip-search argument. The record does not reveal that defendant properly presented to the trial court that the strip search of defendant was unlawful.[4] The "strip search" was mentioned once in the statement of facts section of defendant's reply brief to the trial court in support of his motion to suppress evidence: "In the case at bar, [defendant] was strip searched by the seizure of his clothing." Only in the legal argument section of his reply brief, did defendant argue that the search incident to arrest and inevitable discovery exceptions to the warrant requirement were inapplicable, without any further mention of a strip search. The only mention of a strip search during the suppression hearing was the assistant prosecutor's remark that she could not "stand by the proposition that [law enforcement] would have been permitted to do a strip search" because defendant was arrested for a non-criminal offense, reckless driving. The trial court, understandably, made no mention of a strip search in its oral decision.

---

[4]  There are only two trial briefs included in the parties' appendices:  (1) the State's "letter-brief in opposition to . . . defendant's [m]otion to [s]uppress evidence"; and (2) defendant's "reply to [the] State's brief on [d]efendant's [m]otion to [s]uppress [p]hysical [e]vidence,"

A-1005-18T1

The brief mention of "strip search" in the introductory sentence of defendant's reply brief to the trial court was insufficient to bring the matter to that court's attention. See Bennett v. Pillion, 105 N.J.L. 359, 362 (E. & A. 1929) ("In order to have [an alleged claim of error] considered by the appellate tribunal it must appear that the attention of the trial [court] was specifically called to the matter challenged as erroneous."). As such, we typically consider such arguments waived. See Robinson, 200 N.J. at 19-20 (noting that an argument that was not raised before the trial court is considered waived). Nonetheless, we note the assistant prosecutor conceded at oral argument that the State could not justify a strip search because defendant was not arrested for a crime. We do not agree that defendant was subject to a strip search and, therefore, will review that issue.

"In New Jersey, in addition to constitutional limitations on police searches, strip searches are regulated by statute." State v. Harris, 384 N.J. Super. 29, 49 (App. Div. 2006). Under N.J.S.A. 2A:161A-1,

> A person who has been detained or arrested for commission of an offense other than a crime shall not be subjected to a strip search unless:
>
> a. The search is authorized by a warrant or consent;
>
> b. The search is based on probable cause that a weapon, controlled dangerous substance, as defined by the

"Comprehensive Drug Reform Act of 1987," N.J.S. 2C:35-1 et al., or evidence of a crime will be found and a recognized exception to the warrant requirement exists; or

c. The person is lawfully confined in a municipal detention facility or an adult county correctional facility and the search is based on a reasonable suspicion that a weapon, controlled dangerous substance, as defined by the "Comprehensive Drug Reform Act of 1987," N.J.S. 2C:35-1 et al., or contraband, as defined by the Department of Corrections, will be found, and the search is authorized pursuant to regulations promulgated by the Commissioner of the Department of Corrections.

See also State v. Evans, 235 N.J. 125, 134 (2018). "The statute is prophylactic, designed to protect citizens from an intrusive and degrading invasion of privacy," State v. Hayes, 327 N.J. Super. 373, 385 (App. Div. 2000), and "provide[] [even] greater protection [against unreasonable searches and seizures] than is afforded by" the federal constitution or our State Constitution. Harris, 384 N.J. Super. at 49 (quoting Hayes, 327 N.J. Super. at 381).

A "strip search" under N.J.S.A. 2A:161A-1 is defined as "the removal or rearrangement of clothing for the purpose of visual inspection of the person's undergarments, buttocks, anus, genitals or breasts." N.J.S.A. 2A:161A-3(a) (emphasis added). "The term does not include . . . the removal of articles of outer-clothing such as coats, ties, belts or shoelaces." Ibid.

Police did not remove defendant's clothes for the purpose of visually inspecting his "undergarments, buttocks, anus, genitals or breasts"; rather, the clothes were removed and seized because police suspected that they contained biological evidence linking defendant to the murder. See ibid.

Defendant contends he was photographed in his underwear after he removed his clothing. The seizure of defendant's clothing was separate from that photography. While photographing defendant in is his underwear could very well be considered a visual inspection of his underwear, no evidence resulted from those photographs. Indeed, the only evidence found was trace amounts of the victim's blood on defendant's sweatshirt.[5] The seizure of same, or any other outer garment worn by defendant, did not involve an inspection of undergarments or defendant's private areas. The seizure of those garments, therefore, was not a strip search under N.J.S.A. 2A:161A-1. See N.J.S.A. 2A:161A-3(a). We thus reject defendant's argument.

---

[5] Although police conducted a warrantless hand-swab of defendant, defendant does not challenge the lawfulness of that action and concedes that the swab was never tested. Accordingly, any argument to the constitutionality of the swab made in front of the trial court has been abandoned on appeal. L.D., 444 N.J. Super. at 56 n.7 ("[A]n issue not briefed is waived.").

A-1005-18T1

Remanded for proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1005-18T1